## UNITED STATES, Appellee,

### v.

**Specialist Four Fred E. MOSER, 524–11–5160, United States Army, Appellant.**

### CM 448461.

U.S. Army Court of Military Review.

27 Oct. 1986.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Jerry W. Peace, JAGC, Captain David C. Hoffman, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Larry W. Williams, JAGC, Captain Thomas L. Herrington, JAGC (on brief).

Before MARDEN, PAULEY and De GIULIO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

Appellant pled guilty to two specifications of violation of a lawful general regulation by wrongfully transferring duty-free goods and failure to account for those items in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1982) [hereinafter cited as UCMJ], and conspiracy to wrongfully purchase and transfer duty-free goods in violation of Article 81, UCMJ, 10 U.S.C. § 881 (1982). A general court-martial composed of officer and enlisted members sentenced the appellant to a bad-conduct discharge, forfeiture of all pay and allowances and reduction to Private E–1. The convening authority approved the sentence.

Appellant alleges that the military judge improperly entered findings of guilty after final adjournment. We need not decide this issue because we find that the military judge's pronouncements during trial were

tantamount to announcement of the findings of guilty.[1]

During the trial, appellant entered pleas of guilty and the military judge found the pleas provident. However, the military judge failed to formally announce findings of guilty as to the charges and specifications. While advising the accused concerning his right to present evidence in mitigation and extenuation he stated, "Okay, now Specialist Moser, now that you have been found guilty,...." Further, while giving the court members preliminary instructions he advised them, "Now, at a session of trial conducted earlier, the accused, Specialist Moser, has pled guilty to the Charges and their Specifications which you have before you. I have accepted that plea and *I have entered findings of guilty pursuant to that plea.*" (Emphasis added.) Trial proceeded, the appellant was sentenced, and the court was adjourned. Thirteen days later, in a post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), session called for that purpose, the military judge announced the findings of guilty.

As stated in *United States v. Johnson*, 22 M.J. 945, 946 (A.C.M.R.1986):

> Generally, a liberal rule is followed in interpreting jury verdicts. A pronouncement of the jury is sufficient if it decides the questions in such a way as to enable the court intelligently to base a judgment thereon and can form the basis for a bar to subsequent prosecution of the same offense. Informalities or inaccuracies in a verdict have been held to be immaterial if the intention is evident from the record. (Citations omitted.)

It has long been held that a plea of guilty removes from the trier of fact any question of innocence or guilt, and, if regularly made, leaves only the requirement of imposing an appropriate sentence. *United States v. Lucas*, 1 C.M.R. 19, 23 (C.M.A.

1951). It is presumed that the court acted reasonably in considering the case and returned a verdict consistent with the plea; and the court could not, without violating the oath, return a not guilty verdict when every element of the offense and every incriminating fact was confessed by the accused in open court after a full and fair explanation. *United States v. Lucas*, 1 C.M.R. 19, 24 (C.M.A.1951). Further, a plea of guilty is a confession and equivalent to a conviction. *Lucas*, 1 C.M.R. 19, 23.

We are convinced that the appellant is protected from further prosecution for these offenses. Based upon the facts of this case, we have considered that the military judge had no reasonable alternative, without violating his oath, but to find the appellant guilty in accordance with his pleas. We find that it is clear from the record that the statements by the military judge were tantamount to an announcement of a finding of guilty in accordance with the appellant's pleas.[2]

Appellant also alleges that the convening authority erred by approving total forfeitures when no confinement was adjudged. We disagree. *See United States v. Spenny*, 22 M.J. 844 (A.C.M.R.1986).

The remaining assignments of error, to include those personally raised by the appellant, are also without merit. The findings of guilty and the sentence are affirmed.

Judge PAULEY concurs.

Senior Judge MARDEN took no part in the decision of this case.

---

1. We specifically do not decide whether a proceeding in revision can be held after adjournment to correct an omission such as the one in this case.

2. We are cognizant of *United States v. Dilday*, 47 C.M.R. 172, 174 (A.C.M.R.1973), where it was held that the statutory rights of announcement of all findings in open court is a substantial right of accused. We do not believe our holding in this case is inconsistent with *Dilday* because the statements of the military judge were tantamount to the formal finding of guilty. Further, we find beyond a reasonable doubt no prejudice to the substantial rights of the appellant under the particular facts of this case.