**UNITED STATES, Appellee,**

v.

**Private E1 Lovette E. BASNIGHT, 107–56–4450, United States Army, Appellant.**

**ACMR 8900040.**

U.S. Army Court of Military Review.

30 Nov. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Jon W. Stentz, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Martin D. Carpenter, JAGC, Major James L. Edwards, JAGC USAR (on brief).

Before KANE, GILLEY and GIUNTINI, Appellate Military Judges.

OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of unlawful entry into another soldier's barracks room and of stealing that soldier's compact disc player, in violation of Articles 121 and 134, Uniform Code of Mili-

tary Justice, 10 U.S.C. §§ 921 and 934 (1982), respectively. The convening authority approved the sentence of a bad-conduct discharge, confinement for thirty days, and forfeiture of $350.00 pay for one month.

■ The appellant contends that the military judge erred by denying the appellant's challenge for cause against Major G who had been the victim of three larcenies and whose elderly parents had been the victims of two larcenies. The government argues that the appellant waived this issue by not peremptorily challenging Major G. To the contrary, when a challenge for cause is denied, a peremptory challenge by the challenging party of any other member, as occurred here, preserves the issue for appellate review. Manual for Courts–Martial, United States, 1984, Rule for Courts-martial 912(f)(4) [hereinafter R.C.M.].

■ Members of the court-martial panel are subject to the liberal granting of challenges for cause to remove substantial doubt as to legality, fairness, and impartiality. R.C.M. 912(f)(1)(N). That standard disallows an inelastic opinion on an appropriate sentence for the offenses charged. R.C.M. 912 discussion. *See United States v. Moyar,* 24 M.J. 635 (A.C.M.R.1987).

We use the abuse-of-discretion standard in evaluating the military judge's ruling on challenges for cause. *See United States v. Reichardt,* 28 M.J. 113, 116 (C.M.A.1989) (abuse of discretion test applied to military judge's denial of challenge for cause); *United States v. Reynolds,* 23 M.J. 292, 294 (C.M.A.1987); *United States v. Smart,* 21 M.J. 15, 21 (C.M.A.1985) (abuse of discretion test applied to whether military judge correctly applied the "mandate for liberality in passing on challenges"). The Court of Military Appeals described the abuse-of-discretion standard in *United States v. Travers,* 25 M.J. 61, 62 (C.M.A. 1987) (abuse of discretion requires a "clearly untenable" basis for a ruling that deprives a party of a substantial right amounting to a denial of justice).

■ On the merits, we find that the military judge did not abuse his discretion in denying the challenge for cause. Considering all factors elicited and Major G's candor and willingness to consider the complete range of punishments (including no punishment), the military judge's denial of the challenge is clearly tenable. Major G's candid answers on *voir dire* demonstrate that those larcenies had not left with him any desire for vendetta. In *United States v. Reichardt,* 28 M.J. at 116, the military judge obtained unequivocal answers from the court members in an appropriate *voir dire* examination. *But cf. United States v. Smart,* 21 M.J. 15, 20–21 (C.M.A.1985) (court member who was victim of numerous armed robberies should not have been permitted to sit on sentencing in a robbery case). We find that Major G's answers exemplified sincere self-searching rather than equivocation.

■ Contrary to the appellant's argument, we find further that the military judge is not required to ask the government whether it opposes the defense challenge for cause. *Cf. United States v. Guthrie,* 25 M.J. 808, 810 (A.C.M.R.1988) (judge's inquiry on challenge for cause might have avoided needless litigation). Here, the trial counsel also conducted a *voir dire* of Major G, with searching questions that were helpful in establishing his elasticity to fashion a sentence appropriate for the offenses before the court-martial.

The findings of guilty and the sentence are affirmed.

Senior Judge KANE and Judge GIUNTINI, concur.