UNITED STATES

v.

Barbara J. BAUM, 311 84 7719, Corporal (E–4), U.S. Marine Corps.

NMCM 89 0407.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 10 June 1988.

Decided 15 Feb. 1990.

members convicted appellant of one specification of conspiracy to obstruct justice, one specification of consensual oral sodomy, five specifications of indecent acts, and two specifications of obstruction of justice in violation of Articles 81, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 .U.S.C. §§ 881, 925, and 934, respectively. The members sentenced appellant to confinement for one year, forfeiture of all pay and allowances, reduction to E–1, and a dishonorable discharge. The convening authority mitigated the dishonorable to a bad-conduct discharge and approved the sentence, but suspended confinement in excess of 226 days for one year.

Appellant has made five assignments of error.[1] The Court permitted the American Civil Liberties Union to file an *amicus curiae* brief on behalf of appellant, which makes one further assignment of error.[2] Finally, the Court specified four issues.[3]

We have examined the record of trial and the briefs of counsel (including the *amicus curiae* brief). We denied appellant's motion for oral argument. We need not discuss Assignments III and IV and the assignment raised in the *amicus curiae* brief because of our resolution of Assignment I.

Susan Masling, Esq., Civilian Defense Counsel.

Brendan Collins, Esq., Civilian Defense Counsel.

William B. Rubenstein, Esq., Civilian Defense Counsel on Amicus Curiae.

Nan D. Hunter, Esq., Civilian Defense Counsel on Amicus Curiae.

Capt. Dwight H. Sullivan, USMCR, Appellate Defense Counsel.

Lt. Stephen Ponticiello, JAGC, USNR, Appellate Government Counsel.

Lt. Col. J.S. Uberman, USMC, Appellate Government Counsel.

Before ALBERTSON, Senior Judge, STRICKLAND and RUBENS, JJ.

RUBENS, Judge:

Contrary to her pleas, a general court-martial composed of officer and enlisted

1. I. THE MILITARY JUDGE ABUSED HIS DISCRETION IN DENYING CORPORAL BAUM'S CHALLENGES FOR CAUSE TO MEMBERS SERGEANT MAJOR MOORE AND COLONEL NUNNALLY.
II. THE UNCORROBORATED TESTIMONY OF LANCE CORPORAL MALDONADO AS TO CORPORAL BAUM'S ALLEGED ADMISSION DOES NOT ESTABLISH A BASIS FOR CONVICTION.
III. THE COURTS'S FAILURE TO GIVE A CAUTIONARY INSTRUCTION AS TO LANCE CORPORAL MALDONADO'S TESTIMONY IS REVERSIBLE ERROR.
IV. A SENTENCE OF 226 DAYS CONFINEMENT IS INAPPROPRIATE PUNISHMENT FOR PRIVATE, CONSENSUAL, SEXUAL ACTIVITY.
V. APPELLANT WAS DENIED HER RIGHT TO SPEEDY REVIEW BY THE 176 DAY DELAY BETWEEN TRIAL AND THE CONVENING AUTHORITY'S ACTION.

2. THE SELECTIVE PROSECUTION AND CONFINEMENT OF GAY MEN AND LESBIANS FOR SODOMY—WHERE HETEROSEXUAL PERSONS ARE NOT PENALIZED FOR THE SAME ACTS—VIOLATES THE CONSTITUTION.

3. I. WHAT ARE THE FACTS SURROUNDING THE "COMMAND INFLUENCE" MENTIONED IN THE STAFF JUDGE ADVOCATE'S RESPONSE TO THE APPELLANT'S REQUEST FOR DEFERMENT OF SENTENCE TO CONFINEMENT DATED 8 AUGUST 1988, WHICH STATES, *INTER ALIA,* "I AM TOLD CORPORAL BAUM WILL NOT TALK TO THE GOVERNMENT UNTIL THE *ISSUE OF 'COMMAND INFLUENCE'* HAS BEEN RESOLVED? I CAN'T ENVISION HOW THE ISSUE IMPACTS UPON HER CASE." (EMPHASIS ADDED). *SEE UNITED STATES v. MABE,* 28 M.J. 362 [326] (C.M.A. 1989).
II. DO THE FACTS, UNDER THE CIRCUMSTANCES, CONSTITUTE UNLAWFUL COMMAND INFLUENCE? ARTICLE 37, UCMJ [10 U.S.C. § 837]; R.C.M. 104, MCM, 1984.
III. IF COMMAND INFLUENCE IS PRESENT, WHAT EFFECT IF ANY, DID IT HAVE ON APPELLANT'S COURT–MARTIAL?
IV. IF UNLAWFUL COMMAND INFLUENCE IS PRESENT, WHAT REMEDIAL ACTION, IF ANY, WOULD BE APPROPRIATE FOR THIS COURT TO TAKE IN ORDER TO CORRECT THE ERROR?

We will discuss Assignments I, II, V, and the specified issues.

## I

■ Appellant's second assignment of error is that her admission to another Marine of the indecent act alleged in Specification 5, Charge III, was not corroborated and, thus, under Military Rule of Evidence (Mil.R.Evid.) 304(g), Manual for Courts–Martial (MCM), United States, 1984, the proof as to that offense was insufficient as a matter of law. Mil.R.Evid. 304(g) states "[a]n admission ... of the accused may be considered as evidence against the accused on the question of guilt or innocence only if independent evidence, either direct or circumstantial, has been introduced that corroborates the essential facts admitted to justify sufficiently an inference of their truth." The Government concedes this error.[4]

■ The sole evidence on this offense was the testimony of Lance Corporal Maldonado that appellant told her that she had participated in this indecent act at a party. This admission does not fall within one of the three exceptions to the corroboration rule in Mil.R.Evid. 304(g) and there was no independent corroboration. Accordingly, we agree that the proof as to Specification 5, Charge III, was insufficient as a matter of law and will dismiss that offense.[5]

## II

Appellant's first assignment of error is that the military judge abused his discretion by denying her challenges for cause to Sergeant Major Moore and Colonel Nunnal-

ly. The Government concedes the error about the challenge for cause to Sergeant Major Moore.

Sergeant Major Moore revealed the following during *voir dire:* he was the Sergeant Major of an alleged co-conspirator in this case; he had testified at an Article 32 investigation involving alleged lesbian activities in his battalion at Parris Island; Special Agent Robbins, Naval Investigative Service (the Government's chief investigator and a witness at appellant's court-martial), questioned him about alleged lesbian activities; and on his own initiative he attended appellant's Article 32 investigation while the Government's chief witness (Maldonado) was testifying. The individual military counsel challenged Sergeant Major Moore on the grounds that

his exposure, intensive exposure, to women Marines aboard the Depot here and his admitted exposure to witnesses in this investigation, to the Article 32 hearing. He doesn't remember what he saw, but he may remember a perception, an idea, or an atmosphere in that hearing and we'd ask that he be challenged for cause.

The military judge denied this challenge.

We interpret the individual military counsel's challenge to be that the Sergeant Major's knowledge of the witnesses and his presence at appellant's Article 32 investigation during important testimony raised an appearance of unfairness and partiality, thereby falling within the residuary challenge clause in Rule for Courts–Martial (R.C.M.) 912(f)(1)(N), MCM, 1984.[6] The

4. We follow the admonition in *DeMarco v. United States,* 415 U.S. 449, 451, 94 S.Ct. 1185, 1186, 39 L.Ed.2d 501, 503 (1974) (Rehnquist, J., dissenting), to not "respond in pavlovian fashion" when the Government concedes error, but the Government's concession was appropriate in this case.

5. We note with concern that the individual military counsel did not raise the corroboration issue prior to Maldonado's testimony by a motion *in limine,* object during her testimony, or make a motion for a finding of not guilty at the conclusion of the Government's case in chief. The individual military counsel, moreover, requested an instruction on corroboration and,

with the concurrence of the trial counsel, the military judge gave the instruction. This was notwithstanding Mil.R.Evid. 304(g)(2), which clearly states "the *military judge alone* shall determine when adequate evidence of corroboration has been received." (Emphasis added). Thus, this is solely a question of law for the military judge and is not a question for the members.

6. The individual military counsel inexplicably failed to cite any of the fourteen specific grounds for challenge in R.C.M. 912(f)(1) during his challenges for cause. Specific reference to these provisions would have facilitated the military judge's consideration of the challenges

questioned member raised this issue himself during *voir dire*. In response to the trial counsel's question whether he could be fair and impartial, the Sergeant Major replied "I think I can, Sir, but again *I worry about the appearance of me being able to do that.*" (Emphasis added).

 Both the accused and the Government are entitled to impartial members. *United States v. Reynolds*, 23 M.J. 292, 294 (C.M.A.1987) (citing *United States v. Garwood*, 20 M.J. 148, 152 (C.M.A.), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 524, 88 L.Ed.2d 456 (1985)). Military appellate courts have traditionally urged trial judges to be liberal in ruling on challenges for cause and to err, if at all, on the side of caution. *Reynolds*, 23 M.J. at 294.[7] This is because accused are "entitled to have [their] guilt or innocence determined by a jury composed of individuals with a fair and open mind," *United States v. Deain*, 5 U.S.C.M.A. 44, 49, 17 C.M.R. 44, 49 (1954), and because counsel in the military justice system ordinarily have only one peremptory challenge. Nevertheless, military judges have broad latitude in ruling on challenges for cause, *United States v. Smart*, 21 M.J. 15, 19 (C.M.A.1985), and appellate courts should not overrule them unless they have committed a clear abuse of discretion. *United States v. Ploof*, 464 F.2d 116, 118–19 n. 4 (2d Cir.), *cert. denied*, 409 U.S. 952, 93 S.Ct. 298, 34 L.Ed.2d 224 (1972). A military judge abuses his discretion when he bases his ruling on manifestly incorrect grounds or when he fails to inquire sufficiently about the possible bias of a member. *Smart*, 21 M.J. at 19–20; *United States v. Paige*, 23 M.J. 512, 513 (AFCMR 1986). In reviewing a trial judge's exercise of discretion, this Court "must ask not whether it would have decided as did the trial court, but whether that decision [can] be defended as a rational conclusion supported by [a] reasonable reading of the record." *In re United States*, 666 F.2d 690, 695 (1st Cir.1981).

 Sergeant Major Moore's responses suggested that he was partial and had extrajudicial knowledge of evidence in the case. Although he stated that he would be fair and impartial, a perfunctory declaration of impartiality, no matter how sincere, is not enough to remedy a disqualification. *United States v. Miller*, 19 M.J. 159, 164 (C.M.A.1985); *United States v. Harris*, 13 M.J. 288, 297 (C.M.A.1982). Sergeant Major Moore's statement that he attended appellant's Article 32 investigation, moreover, suggested that he had some interest in the outcome of the case. The military judge failed to ask him why he attended the hearing, thereby leaving his reasons open to speculation. The record indicates that he did not remember much about the hearing but we cannot speculate whether some testimony might have triggered his memory during trial. We conclude that the military judge clearly abused his discretion with respect to this challenge for cause. The member's knowledge of the witnesses and attendance at the Article 32 investigation created an appearance of impropriety (*i.e.*, there was substantial doubt as to his fairness and inpartiality) which the *voir dire* did not dispel. The appearance of evil must be avoided as much as the evil itself. *United States v. Barnes*, 12 M.J. 956, 959 (AFCMR 1982).

In *State v. Parnell*, 77 Wash.2d 503, 463 P.2d 134 (1969) (*en banc*), the Supreme Court of Washington held that the attendance of a prospective juror at the defendant's preliminary hearing created a conclusive presumption of prejudice. We do not hold today that a member who has attended the Article 32 investigation of the accused to whose court-martial he is later detailed as a member is presumptively disqualified. We hold only that Sergeant Major Moore was disqualified and should have been excused under these circumstances. The attendance of a prospective member at the accused's Article 32 investigation is an extraordinary event which should have caused the military judge to conduct truly

---

and appellate review of the military judge's exercise of discretion.

7. *See also* para. 62h(2), MCM, 1969 (Rev.) ("Military judge … should be liberal in passing on challenges….").

searching *voir dire* about the reasons for the attendance and the member's recollections of the hearing. The military judge should routinely grant such a challenge.

Appellant also challenged Colonel Nunnally for cause. He revealed the following during *voir dire:* he had discussed the investigation of lesbian activities at Parris Island with Special Agent Robbins before trial in this capacity as the Depot Inspector, but the conversations did not address "just how guilty" anyone was and he did not recall appellant's name mentioned; he may have discussed the case with other members of the Depot Inspector's office, particularly Major Cooper; and he had read about the case in the newspapers.[8] The individual military counsel challenged him for cause on the grounds that because he had discussed the case with Special Agent Robbins and knew about the lesbian investigation in his capacity as Depot Inspector, "he can't help but to have been influenced by some of what has happened here aboard the Depot concerning this case and related cases."

■ Colonel Nunnally believed that he was in a law enforcement billet and, in fact, clearly had an official interest in the investigation of lesbian activities at Parris Island. He discussed the investigation with the NIS agent who served as the Government's chief investigator for and a witness at appellant's court-martial. These conversations about the investigation appear to have been substantial and official rather than the casual, unofficial comments of two individuals who have merely discussed a matter in passing. Under these circumstances, we conclude there is an appearance of unfairness and partiality which the *voir dire* did not dispel. Colonel Nunnally appears to have extrajudicial knowledge of the evidence and an interest in the outcome of the litigation. Accordingly, the military judge clearly abused his discretion in denying this challenge for cause.

### III

■ Appellant's fifth assignment of error is that the 176–day delay between trial and the convening authority's action denied her the right to speedy review. Appellant's sole relevant allegation of prejudice [9] is "the period of incarceration might have been significantly reduced" if the convening authority had taken more timely action. This allegation is meritless for three reasons. First, it is highly speculative. Second, appellant cooperated with the government after trial and provided substantial information on lesbian activities at Parris Island to induce clemency.[10] This cooperation naturally caused some delay between the trial and the convening authority's action. The Government is entitled to record, evaluate, and verify the information to some degree before it grants clemency. Third, "a specific showing of prejudice, besides confinement, has been required with

---

8. The individual military counsel asked Special Agent Robbins about his conversation with Colonel Nunnally during the merits in front of the members (including, of course, Colonel Nunnally). He stated that his purpose was to "investigate," although *voir dire* and challenges were over and the case was on the merits. Appellant filed a Supplemental Brief with the Court which contains an affidavit from Staff Sergeant Hilinski, who stated that she worked for Colonel Nunnally, that they often discussed the investigation of lesbian activities at the weekly office meetings, and that he voided her MOS because she testified favorably for Sergeant Jameson, an alleged lesbian, whose case was tried after that of appellant. The Government has filed an affidavit from Colonel Nunnally which denies some of these allegations. The military judge was not privy to this information when he ruled on the challenges for cause. We decide this issue on the basis of the

information available to the military judge at trial so we need not order a *DuBay* hearing to resolve the factual dispute.

9. Appellant filed an affidavit with the Court which states that her lack of a discharge (*i.e.,* DD 214) from the Marine Corps has hampered employment possibilities. This allegation applies to the period after the convening authority's action and her release from confinement because she could not look for a job in Florida very well from the Quantico Brig. Thus, this allegation of prejudice is not relevant to the assignment of error. In any event, we do not find the delay between the convening authority's action and the submission of briefs to this Court to have been unduly long.

10. Appellant provided the Government a 178 page sworn statement in question and answer format on 23 June 1988.

respect to the post-trial delay to justify remedial action." *United States v. Matias,* 25 M.J. 356, 363 (C.M.A.1987). We find no evidence of specific prejudice.

### IV

■ Both appellant and the Government filed briefs and affidavits concerning the command influence questions raised in the specified issues. We need not resolve these issues, however, because the alleged unlawful command influence affects only the post-trial processing of the case and we have already determined that dismissal of one offense and a full rehearing on the remaining offenses is the appropriate remedy for the other errors. In any event, a rehearing is ordinarily the appropriate remedy for unlawful command influence. *United States v. Thomas,* 22 M.J. 388, 400 (C.M.A.1986). Appellant may raise the command influence issue at any rehearing.[11]

### CONCLUSION

Accordingly, the findings and sentence are set aside. Specification 5, Charge III, is dismissed. A rehearing on the other offenses is authorized by the same or a different convening authority.

Senior Judge ALBERTSON and Judge STRICKLAND concur.

---

**11.** This opinion should *not* be construed as a condonation of unlawful command influence, the "mortal enemy" of the military justice system. *Thomas,* 22 M.J. at 393. We will zealous- ly examine the record for evidence of such perversion and resolutely deal with it when necessary.