**UNITED STATES, Appellee,**

v.

**Private Kenneth B. HENRY, 431–25–7895, United States Army, Appellant.**

**ACMR 9102763.**

U.S. Army Court of Military Review.

23 July 1993.

OPINION OF THE COURT

CREAN, Senior Judge:

The appellant was found guilty, contrary to his pleas, by a general court-martial composed of officer and enlisted members, of attempted aggravated assault and aggravated assault, in violation of Articles 80 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 928 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for eight years, and forfeiture of all pay and allowances.

The appellant asserts that the military judge erred by failing to grant a challenge for cause against a court member and also that the evidence is not factually sufficient to support the findings of guilty. We disagree and affirm.

On the evening of 20 September 1991, two separate groups of soldiers went to the Non Commissioned Officers Club at Pope Air Force Base, North Carolina. One group comprised of five soldiers from a Personnel Service Command (PSC) stationed at Fort Bragg, North Carolina, went in two cars. The other group, in which the appellant was a member, consisting of soldiers from the 82d Signal Battalion also stationed at Fort Bragg, also went to the club in two cars. The appellant, a Private First Class (PFC) Johnson, and a recently discharged soldier named Keith Drakeford who was now a civilian, were part of the latter group. In the club, an argument ensued between Corporal (CPL) Wright and another soldier from the 82d Signal Battalion and two of the soldiers from the PSC. The appellant was not involved in the argument inside the club. The PSC soldiers decided that it was best to leave the club and return to their barracks. They left the club and departed the club parking lot in their two cars. A white car, belonging to PFC Johnson and driven by the appellant with Drakeford as the passenger, followed the two cars containing the PSC soldiers out of the parking lot. As the PSC cars entered the main road, shots were fired

For Appellant: Richard T. McNeil (argued); Richard J. Dove (on brief); Major James M. Heaton, JAGC, Captain Michael E. Smith, JAGC, Captain Clement B. Lewis, III, JAGC.

For Appellee: Major Joseph C. Swetnam, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC (on brief).

Before CREAN, WERNER, and GONZALES, Appellate Military Judges.

from an area near the club by CPL Wright in the direction of the two cars. Drakeford then fired a number of shots with a 9–MM handgun from the trail car driven by the appellant. At least three of the 9–MM bullets hit one of the fleeing PSC cars killing one of the occupants and wounding another. The appellant was tried under the theory that as the driver of the car, he aided and abetted Drakeford in the shooting.

The appellant admitted that he drove the car from which Drakeford did the shooting. Private First Class Johnson had driven Drakeford, but not the appellant, to the club. Private First Class Johnson knew that Drakeford had the weapon in the car. At the club while the altercation was going on inside, Drakeford asked PFC Johnson for the keys to his car. Even though he knew Drakeford could not drive, PFC Johnson gave him the keys. A witness to the shooting, Specialist Anderson, testified that he saw the gun firing from the pursuing white car at the fleeing PSC cars. At the time, the car being driven by the appellant was only approximately three feet from the cars containing the PSC soldiers. The appellant did not swerve or fall back but continued behind the PSC cars for a short distance before eventually turning off. Private First Class Johnson testified that when his car was returned to the parking lot, the appellant gave him the keys back and stated to the effect "Drakeford can't shoot worth a shit."

The appellant testified that he did not know Drakeford had a gun in the car. When he observed the participants in the club altercation exit the club, he also left. When he got outside, he saw Drakeford standing by PFC Johnson's car. Drakeford told him that there was going to be a fight and they should drive over to the area of the fight. Drakeford asked him to drive the car and appellant did not consider that unusual because he knew Drakeford did not have a driver's license. As the two cars containing the PSC soldiers left the parking lot, he followed them to help throw rocks at the cars. A shot was fired and the cars started to pick up speed and he kept pace. Then shots were fired from his car by Drakeford. He was surprised when Drakeford fired the shots because he did not know Drakeford had the gun with him and they had not discussed shooting at the fleeing cars. He only stayed behind the fleeing PSC cars because he could not turn off the road. He did not share Drakeford's intent to shoot at the cars and only drove the car with the intent to scare the PSC soldiers and enhance the rock throwing.

At trial, the assistant trial counsel asked the court members if any of them had been shot at, other than in combat. First Sergeant (1SG) Washington responded affirmatively. In responding later to individual questions of both trial and defense counsel, 1SG Washington revealed that in approximately 1974–1975, while stationed at Fort Bragg, North Carolina, he went to an off-post after-hours club. During the course of the evening, a fight broke out in another part of the club and shots were fired. First Sergeant Washington indicated that he had been caught in the cross-fire, but he was immediately able to exit the club. The bullets came close to him but "... not real close, but close enough." He indicated that he had been frightened. He also indicated that he could fairly and impartially determine the guilt or innocence of the appellant. The military judge did not ask any questions of 1SG Washington, but denied the challenge for cause against 1SG Washington. The military judge reasoned that although the incident described by 1SG Washington was similar to the one involving the appellant, it happened over seventeen years earlier, 1SG Washington was only a bystander and not involved in the incident itself, and 1SG Washington indicated that he could fairly and impartially determine the guilt or innocence of the appellant.

We first turn to consideration of the denial of the challenge for cause against 1SG Washington. A challenge for cause against a court member should be granted when it appears that the court member should not sit in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality. Rule for Courts–Martial 912(f)(1)(N). Military judges should be liberal in granting challenges for cause. *United States v. Reynolds*, 23 M.J. 292,

294 (C.M.A.1987). The United States Court of Military Appeals has made it very clear in recent decisions that the appellate court's standard of review for a military judge's denial of a challenge for cause is a clear abuse of discretion in applying the liberal grant mandate. *United States v. Coppock,* 37 M.J. 145 (C.M.A.1993) (where two court members had extensive knowledge of the case from pretrial publicity, it was not an abuse of discretion to deny the challenge for cause where the court members stated that they had not formed an opinion as to an appropriate sentence and could base their views on the facts heard at trial); *United States v. Lake,* 36 M.J. 317 (C.M.A.1993) (minor routine involvement in appellant's case and an official relationship with a government witness not a grounds for granting challenge for cause); *United States v. White,* 36 M.J. 284 (C.M.A.1993) (reporting senior (rating officer) of another court member not a sufficient grounds for granting a challenge for cause, court member with technical expertise in an area involved in the charges not a grounds for granting a challenge, having lunch with a witness where the contact was innocuous not a reason to grant a challenge for cause); *United States v. Bannwarth,* 36 M.J. 265 (C.M.A.1993) (senior-subordinate relationship of court members and court member's friendship with the accuser are not automatic disqualifications for court membership). The mere fact that a court member had been the victim of a similar crime is not a *per se* disqualification as a court member. *United States v. Smart,* 21 M.J. 15, 19 (C.M.A.1985).

▮ The appellant asserts that the military judge abused his discretion in two ways; first, by not questioning 1SG Washington on the circumstances of the shooting he was involved in seventeen years earlier, and by not granting the challenge for cause itself. A military judge should conduct a proper *voir dire* of a court member to erase any doubts of partiality. *United States v. Reichardt,* 28 M.J. 113 (C.M.A.1989); *Smart,* 21 M.J. at 19. In the *Smart* case, the answers of the court member were unclear as to the circumstances of a potential area of challenge and the impact of those facts on the fairness and impartiality of the trial. In this case, 1SG Washington's answers to the questions of counsel were straightforward and unequivocal. He left no doubt that the circumstances of the incident seventeen years earlier did not affect his ability to be fair and impartial in this case. We hold that the military judge did not abuse his discretion in either not asking any questions of 1SG Washington or denying the challenge for cause.

▮ We now turn to the challenge to the factual sufficiency of the evidence to support the findings of guilty. The test for factual sufficiency of the evidence is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, this Court is itself convinced of appellant's guilt beyond a reasonable doubt. UCMJ art. 66(c), 10 U.S.C. § 866(c); *United States v. Turner,* 25 M.J. 324, 325 (C.M.A.1987). We have evaluated the evidence against this standard and hold that the evidence is factually sufficient to support the findings of guilty. There is sufficient evidence from the appellant chasing the fleeing cars, remaining close to them during and after the shooting, and his remarks about Drakeford's marksmanship to find that the appellant had the same intent as Drakeford and that he aided and abetted by driving the car involved in the shooting.[1]

We have carefully considered the other assignments of errors and find them without merit.

The findings of guilty and the sentence are affirmed.

Judge WERNER and Judge GONZALES concur.

---

**1.** While the appellant did not assert as error the legal sufficiency of the evidence, we have nonetheless evaluated the evidence against the standards of *Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 2783–84, 61 L.Ed.2d 560 (1979) and *United States v. Blocker,* 32 M.J. 281, 284 (C.M.A.1991), and find the evidence legally sufficient to support the findings of guilty.