UNITED STATES

v.

Christopher JONES, 414–25–1366
Boatswain's Mate Third Class
(E–4), U.S. Navy.

NMCM 96 01538.

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 6 Feb. 1996.

Decided 18 June 1997.

Maj Scott B. Jack, USMC, Appellate Defense Counsel.

LT Russell J.E. Verby, JAGC, USNR, Appellate Government Counsel.

Before KEATING, CLARK and OLIVER, Appellate Military Judges.

OLIVER, Judge:

Following mixed pleas, a general court-martial composed of officer and enlisted members convicted the appellant of two specifications of unauthorized absence, missing movement through design, assault, adultery, and drunk and disorderly conduct, in violation of Articles 86, 87, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 887, 928, and 934 (1994), respectively [hereinafter UCMJ]. He was sentenced to reduction to pay grade E–1, confinement for 6 months, and a bad-conduct discharge. We have examined the record of trial, the three assignments of error,[1] and the Government's response thereto. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

### Failure to Announce Findings

■ The appellant first contends that the military judge failed to announce findings on those charges to which he had pled guilty and concerning which the military judge had conducted a comprehensive providence inquiry. While both the military judge and this court recognize that there was a technical error, we believe the military judge preserved the appellant's substantive rights and therefore the appellant is entitled to no relief.

Article 53, UCMJ, 10 U.S.C. § 853, requires that a court-martial "announce its findings ... to the parties as soon as determined." The pertinent rule provides: "Findings shall be announced in the presence of all parties promptly after they have been determined." RULE FOR COURTS-MARTIAL 922(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.) [hereinafter R.C.M.]. The appellant contends that for the offenses to which he pleaded guilty, no announcement was ever made, promptly or otherwise. The Government responds that, after determining that he had failed to announce the findings based on the appellant's guilty pleas during his review of the record, the military judge corrected the error by holding a proceeding in revision and entering findings in the presence of all of the parties.

The appellant relies on *United States v. Dilday*, 47 C.M.R. 172, 174, 1973 WL 14692 (A.C.M.R.1973), in arguing that the failure of the military judge to announce the findings entitles him to a new trial. *Dilday* stands for the proposition, with which we do not argue, that the announcement of all findings in open court is a substantial statutory right of the accused. However, in *Dilday* the military judge never made any statement which could be construed to indicate that he had ever entered findings at all. In *United States v. Moser*, 23 M.J. 568, 569 (A.C.M.R. 1986), on the other hand, our Army brethren found "that the statements by the military judge were tantamount to an announcement of a finding of guilty in accordance with the appellant's pleas."

In the instant case, after the members had entered findings on the contested charges, the military judge provided to the members Appellate Exhibit L and explained to them that these were the charges and specifica-

---

1. I. THE MILITARY JUDGE FAILED TO ANNOUNCE FINDINGS ON CHARGE I, SPECIFICATIONS 1 AND 2, CHARGE II AND THE SPECIFICATION AND CHARGE V, SPECIFICATION 2 WHICH WAS A SUBSTANTIAL RIGHT OF APPELLANT REQUIRED BY R.C.M. 922.

II. THE MILITARY JUDGE ERRED BY INSTRUCTING THE MEMBERS ON REASONABLE DOUBT IN A MANNER THAT SHIFTED THE BURDEN TO THE APPELLANT TO PROVE HIS INNOCENCE BY SUGGESTING TO THE MEMBERS THAT THEY MUST FIND A "REAL POSSIBILITY" THAT THE DEFENDANT WAS NOT GUILTY IN ORDER TO ACQUIT, IN VIOLATION OF DUE PROCESS.

III. THE MILITARY JUDGE ABUSED HIS DISCRETION BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE AGAINST TWO MEMBERS WHOSE WIVES HAD BEEN THE VICTIMS OF RAPE. (Citation omitted.)

tions for which the appellant had been found guilty. He informed them that this exhibit contained "not only the charges and specifications that you entered findings on, but also charges and specifications to which the accused pleaded guilty at an earlier session of this court-martial." Record at 578. He then said that he had "accepted those pleas and entered findings of guilty." *Id.* On 6 February 1996, the members sentenced the appellant based on all the charges of which he had been found guilty.

In a post-trial Article 39(a) session conducted on 30 April 1996, the military judge stated to the parties that he had "made an error" by not entering findings as to those offenses to which the appellant had pleaded guilty. Record at 617. After hearing the counsel argue the issue of whether the appellant was entitled to a new sentencing hearing (in which they argued the application of both *Dilday* and *Moser*), the military judge denied the appellant's motion and entered "findings of Guilty consistent with the guilty pleas of the accused." Record at 627. We have no doubt but that, based on the entire record, the appellant was fully advised that he had been convicted of these offenses and that he is fully protected from subsequent prosecution for the same offenses. *United States v. Wilson,* 13 M.J. 247, 250 (C.M.A. 1982).

Indeed, we commend the military judge for reopening the trial to resolve his oversight. In *United States v. Mayfield,* 45 M.J. 176, 178 (1996), our superior court held that in holding a post-trial Article 39(a) session, the military judge properly corrected a statutory error concerning the lack of an on-the-record request for military judge alone. The error which the military judge acknowledged in the instant case is precisely the type of problem which R.C.M. 1102 is designed to rectify.

As this court observed in *United States v. Pena,* 11 M.J. 509 (N.C.M.R.1981): "'It is well settled that not every departure from established trial procedure constitutes reversible error.'" (quoting *United States v. McAllister,* 19 USCMA 420, 42 C.M.R. 22, 24, 1970 WL 6968 (1970)). Since there was no prejudice to the substantial rights of the appellant, we conclude that the appellant was not prejudiced and that this assignment of error is without merit. Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

### Defective Instruction Concerning Reasonable Doubt

■ The appellant next contends that, in his instructions to the members, the military judge improperly shifted to him the burden of establishing his innocence. We disagree.

■ In a criminal proceeding the United States Constitution requires that the Government prove, beyond a reasonable doubt, every element of the offense alleged. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970). The trial judge must instruct the members of the necessity that the accused's guilt be proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 315–16, 320, 99 S.Ct. 2781, 2786–88, 61 L.Ed.2d 560 (1979). However, the Supreme Court has not dictated the precise form the instructions to the members must take, so long as, "taken as a whole, the instruction correctly conveys the concept of reasonable doubt." *Holland v. United States,* 348 U.S. 121, 140, 75 S.Ct. 127, 137–38, 99 L.Ed. 150 (1954). *See Francis v. Franklin,* 471 U.S. 307, 316, 105 S.Ct. 1965, 1972, 85 L.Ed.2d 344 (1985).

In the instant case, the military judge instructed the members concerning reasonable doubt and the burden of proof on several occasions. Just before they deliberated on findings, he advised them:

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the accused's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases, the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the accused is guilty of the crime charged, you must find the accused guilty. If, on the other hand, you think there is a real possibility the accused is not guilty, you must give the accused the benefit of the doubt and find the accused not guilty.

Record at 564 (emphasis added). The appellant contends that by using the phrase "real

possibility" the military judge improperly shifted the burden to the appellant. According to the appellant, this instruction implies that unless he is able to raise a "real possibility" of innocence, the members were being advised to convict. We cannot agree with this strained logic. After reviewing the instructions as a whole, we believe that the military judge properly advised the members as to the applicable law.

We note that the reasonable doubt instruction the military judge gave was directly out of the Navy–Marine Corps Judiciary's Trial Guide. Trial Guide at 76. Moreover, our superior court has recommended the use of this precise language, which the Federal Judicial Center had drafted. *United States v. Meeks*, 41 M.J. 150, 157–58 n. 2 (C.M.A.1994). *See Victor v. Nebraska*, 511 U.S. 1, 26, 114 S.Ct. 1239, 1253, 127 L.Ed.2d 583 (1994) (Ginsburg, J., concurring in part and concurring in the judgment) (recommending as "clear, straightforward, and accurate" this exact language). The military judge properly and repeatedly instructed the members on the issue of reasonable doubt and as to which side bore the burden of proof on every element of each offense. *See* Record at 84, 556, 558, 563–65. We are confident that the members were well aware of their responsibility to hold the Government to its burden of proving the appellant guilty beyond a reasonable doubt. *Meeks*, 41 M.J. at 157. We conclude, therefore, that the military judge did not err by giving this instruction on reasonable doubt.

### Denial of Challenges for Cause

■ Finally, the appellant claims that the military judge erred in denying trial defense counsel's challenge of Lieutenant Commander Higgins and Chief Petty Officer Sperry for cause.[2] The defense then used its peremptory challenge on Lieutenant Commander Higgins. However, the defense counsel specifically stated that had the challenges for cause been granted, it would have exercised its peremptory challenge against Warrant Officer McDermont. This representation preserved the issue for appeal. Rule for Courts–Martial 912(f)(4), Manual for Courts–Martial (1995 ed.)[hereinafter R.C.M.].

■ As a general rule military judges should liberally grant challenges for cause. *United States v. Jobson*, 31 M.J. 117, 122 (C.M.A.1990) (Sullivan, J. concurring). *See United States v. Glenn*, 25 M.J. 278, 279 (C.M.A.1987) (noting that "challenges for cause are to be liberally granted.") At the same time, appellate courts must

> give a military judge great deference because we recognize that he has observed the demeanor of the participants in the voir dire and challenge process. Because we give the military judge great deference, we will overturn his ruling on a challenge only if we find a clear abuse of discretion.

*United States v. White*, 36 M.J. 284, 287 (C.M.A.1993). Chief Judge Cox has written that he "would, almost always, defer to the discretion of the military judge" when reviewing denials of causal challenges. *United States v. Smart*, 21 M.J. 15, 21 (C.M.A.1985) (Cox, J., concurring). *See United States v. McLaren*, 38 M.J. 112, 118 (C.M.A.1993). In *Smart*, the Court of Military Appeals held that the military judge had abused his discretion in denying a challenge. The court found it significant that the voir dire had elicited only disqualifying information and that the military judge had never attempted to rehabilitate the member before denying the challenge. *Smart*, 21 M.J. at 20.

Although the Manual for Courts–Martial enumerates a number of automatic reasons for excusing a member for cause, R.C.M. 912(f)(1)(A)—(M), perhaps the single most important ground for causal challenges is the so-called "catch-all," R.C.M. 912(f)(1)(N). That Rule provides that a "member shall be excused for cause whenever it appears that the member . . . . [s]hould not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality." *Id.* This ground for challenge covers situations where the member, *inter alia*, "has a decidedly friendly or hostile attitude toward a party . . . ." *Id.* at Discussion. R.C.M. 912(f)(3) provides that the "burden of establishing that grounds for a challenge exist is upon the party making the challenge."

---

**2.** The defense also challenged Master Chief Petty Officer Kunz for cause. The proprietary of the military judge's denial of that challenge is not at issue.

The appellant urges us to find that the military judge abused his discretion in denying these two challenges for cause on the basis that these two members had revealed that each of their spouses had been victims of rape, that in the case of Chief Petty Officer Sperry his wife had become pregnant and had an abortion, and that each had a subordinate who had been a victim of rape. As a result, for each of them the crime of rape had become "personalized" and they could not perform their duties dispassionately. Record at 97, 112–14.

This court has held that a military judge abuses his discretion when he bases his ruling on manifestly incorrect grounds or when he fails to inquire sufficiently about the possible bias of a member. *United States v. Baum*, 30 M.J. 626, 629 (N.M.C.M.R.1990). The military judge in this case gave both counsel full opportunity to question the potential members as to all bases for possible excusal. He also gave counsel full opportunity to argue the applicable law in light of their answers during *voir dire*. He recalled the members for further questioning and called recesses to permit the counsel to research the applicable law. After receiving completely candid answers from Lieutenant Commander Higgins and Chief Petty Officer Sperry as to the circumstances of the crimes committed against their spouses and subordinates, the impact of those crimes on their relationships, and their ability to serve without partiality, the military judge stated that he was fully confident that both members could be fair and objective.

The appellant cites *United States v. Moyar*, 24 M.J. 635 (A.C.M.R.1987), in support of his argument that the military judge abused his discretion. *Moyar* was a general court-martial of an Army staff sergeant for committing indecent acts with his adopted daughter, both before and after she turned 16. During *voir dire*, one of the members revealed that his father had molested his sister when she was the same age as the victim and that his father had never been punished for the crimes. When asked whether he had any doubt that he could consider the case impartially, the prospective member replied: "No, or I wouldn't have brought it [the incident] up." *Id.* at 636. In *Moyar*, the Army court determined that the military judge failed to resolve this "puzzling response" which demonstrated "some potential for duplicity." Rather, the military judge's efforts "consisted of mechanical rehabilitative questions which led to bare assertions by the member that he could impartially sit. . . ." *Id.* at 639.

As the military judge acknowledged in the instant case, the concerns of the defense counsel were not "frivolous." Record at 127. The appellant was being tried for rape, and two of the members of the panel acknowledged that their wives and subordinates had been raped and that the perpetrators had never been caught and punished. However, unlike in *Moyar*, the military judge conducted searching *voir dire* of the prospective members and, in denying the challenges, commented specifically on his favorable impression of their candor and demeanor. *See United States v. Reichardt*, 28 M.J. 113, 116 (C.M.A.1989); *Smart*, 21 M.J. at 16–17. He also noted that Lieutenant Commander Higgins and his wife had been separated before the rape took place and subsequently divorced for reasons totally unrelated to the rape. Likewise, Chief Petty Officer Sperry's wife had been raped 11 years before he met her, she had revealed the incident to him before they were married, and he said the incident had had no adverse impact on their relationship. We have no doubt that the military judge did not abuse his discretion in denying these challenges for cause.[3] This assignment of error is without merit.

Conclusion

Accordingly, we affirm the findings and sentence, as approved on review below.

Senior Judges KEATING and CLARK concur.

---

**3.** We also note that this panel of members acquitted the appellant of the rape charge. Record at 571.