**UNITED STATES, Appellee,**

v.

**Private (E–1) Ronel D. LOLAGNE SSN 093–54–3962, United States Army, Appellant.**

**SPCM 14917.**

U. S. Army Court of Military Review.

6 April 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Grifton E. Carden, JAGC, and Major Robert D. Ganstine, JAGC, were on the pleadings for appellant.

Major Ted B. Borek, JAGC, Major Paul G. Thomson, JAGC, and Captain Michael C. Chapman, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted of disrespect to a superior commissioned officer, offering violence to a superior commissioned officer, and assault on a noncommissioned officer, in violation of Articles 89, 90, 91, Uniform Code of Military Justice, 10 U.S.C. §§ 889, 890, and 891 (1976). The convening authority approved his sentence to a bad-conduct discharge, confinement at hard labor for five months, and forfeiture of $275.00 pay per month for six months. The case is before this Court for mandatory review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976).

The counsel for the appellant have assigned three errors, one of which requires discussion. The appellant's counsel contend that the requirements of *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), were not met because the substitute defense counsel did not establish an attorney-client relationship with the appellant. After the trial but before completion of the post-trial review, the trial defense counsel was released from active duty. A substitute defense counsel was appointed and received service of the post-trial review. By affidavit, the substitute defense counsel stated that, in spite of numerous attempts, she was unable to contact the appellant at the address which he had provided on his excess leave application and she was unable to obtain his correct address. After several months, she performed the *Goode* review without contacting or consulting the appellant.[1] Appellate defense counsel likewise have been unable to contact the appellant.[2] The issue in this case is whether the appellant's failure to keep military authorities advised of his whereabouts, after being informed of the requirement to do so,[3] is sufficient reason to allow substitute counsel to perform the *Goode* review without establishing an attorney-client relationship with the appellant.

Appointment of substitute counsel clearly was proper in this case. Separation of a military defense counsel from active duty constitutes "good cause" to sever the attorney-client relationship. *United States v. Harris*, 8 M.J. 668 (A.C.M.R.1979); *United States v. Jones*, 4 M.J. 545 (A.C.M.R. 1977). When the military defense counsel is released from active duty after the trial but before the *Goode* review, substitute counsel may be designated to perform the *Goode* review. *United States v. Zarate*, 5 M.J. 219 (C.M.A.1978) (mem.).

The accused ordinarily is not bound by the actions of substitute counsel unless he consents to or at least acquiesces in the representation. However, we believe that an accused who makes himself unavailable to substitute counsel may be deemed to have consented to representation by such counsel as may have been properly appointed for him to comply with *Goode*.[4] We do not believe that *Goode* was intended to allow an accused to bring post-conviction proceedings to a halt by refusing or failing to advise military authorities of his whereabouts, nor do we believe that *Goode* should be interpreted to permit an accused to frustrate the efforts of substitute counsel to confer with him and then complain that no

---

1. The substitute counsel informed the staff judge advocate that she had no comments or rebuttal. Unlike *Goode*, the post-trial review in this case was not deficient.

2. The appellant's interest in appellate proceedings is doubtful, based upon the fact that he declined to request appointment of appellate counsel. This Court directed that appellate counsel for the accused be appointed. *See United States v. Palenius*, 2 M.J. 86 (C.M.A. 1977).

3. Prisoners who request excess leave are advised in writing of their obligation to notify the United States Disciplinary Barracks of any change in address. This procedure was noted by the Court of Military Appeals in *United States v. Larneard*, 3 M.J. 76, 78 (C.M.A.1979) n.4.

4. An accused, by his unauthorized absence, may waive rights of Constitutional dimension, including the right to actively participate in his own trial. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 11c, *United States v. Johnson*, 7 M.J. 396 (C.M.A. 1979). This case involves a court-made procedure not mandated by the Constitution or statute.

attorney-client relationship was established. We hold that when a substitute counsel has been designated for "good cause" but has been unable to contact the client, in spite of a good faith effort, because of the client's failure to comply with instructions to keep appellate authorities advised of his whereabouts, the substitute counsel "can properly act for the accused, notwithstanding the accused has not had the opportunity to express his own desires or choices." *United States v. Iverson*, 5 M.J. 440, 450 (C.M.A. 1978) (Cook, Judge, concurring in the result).

The purpose of the *Goode* review is "to insure the accuracy of the Staff Judge Advocate's review in light of the record of trial." *United States v. Annis*, 5 M.J. 351, 353 (C.M.A.1978). That purpose has been met in this case.

The remaining assignments of error are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge CLAUSE concur.