UNITED STATES, Appellee,

v.

Henry O. REYNOLDS, Staff Sergeant,
U.S. Army, Appellant.

No. 52,041.

CM 445010.

U.S. Court of Military Appeals.

Feb. 17, 1987.

For Appellant: *Colonel Brooks F. La Grua, Lieutenant Colonel William P. Heaston, Major John E. King, Captain Robert W. Wichering* (on brief); *Major Lawrence F. Klar.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Major Larry D. Williams, Captain Robert L. Swann* (on brief); *Captain Frederick A. Johnson.*

*Opinion of the Court*

COX, Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer members of larceny (five specifications), forgery (two specifications), and of wrongfully taking mail matter, in violation of Articles 121, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 923, and 934, respectively. He was sentenced to confinement for 8 years, total forfeitures, reduction to E-1, and a dishonorable discharge. The convening authority

approved the sentence but suspended confinement in excess of 6 years and forfeitures in excess of $350.00 pay per month for 6 years. The Court of Military Review affirmed in an unpublished opinion. We granted review of the following issue:

> WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY DENYING THE DEFENSE CHALLENGE OF LTC CLARKE AND MAJ SWANK FOR CAUSE.

During general *voir dire*, the military judge reminded the members of their duty to keep an open mind and asked whether, "after reading the charges and specifications," any one would "be compelled to vote for any particular punishment" solely because of "the nature of the crimes for which the accused ... [was] to be sentenced if ... found guilty." One of the members, Lieutenant Colonel Clarke, responded that as a commander he was inclined "to be very tough on someone ... involved in" barracks larcenies. Another member, Major Swank, stated that he concurred with this view. During individual *voir dire*, both members expressed strong aversion for the offenses herein.

Lieutenant Colonel Clarke expounded on his feelings by stating that he recognized larceny among fellow soldiers to be highly detrimental to unit morale. He stated, however, that he could keep an open mind and vote for a sentence based on the evidence presented. Defense counsel posed several hypothetical questions, asking if he would feel compelled to impose a punitive discharge assuming appellant were convicted of all offenses listed on the charge sheet and it were shown that the stolen property belonged to subordinates, that the property was taken from the unit safe, and that an abuse of a position of trust was involved. Lieutenant Colonel Clarke refused to make a prediction, stating:

> Well, viewing it in the hypothetical is very difficult. As I said earlier, not having had all the information it would be hard to predict. However, if you were to ask me which side of the fence I would fall off on, which I think is what you're asking, I would say that I'd probably be more predisposed to fall off in favor of a discharge. But, again, with the little bit of information you've given me, that's hard to predict.

He also said that his personal sentiments would not affect his ability to impartially listen to and weigh the evidence in the present case.

Major Swank stated that he considered stealing "from a fellow soldier" to be "bordering on a despicable act" and that he would "tend to lean very sternly towards punishing a person that's found guilty of such an act." When asked by defense counsel whether he would feel compelled to vote for a discharge if appellant were convicted of the pending charges, Major Swank indicated that "compelled" was too strong a word, stating:

> I don't think I would necessarily be compelled. After hearing all the evidence, and right now I'm sort of sitting here in a vacuum and don't know any other circumstances other than what's on the charge sheet here in front of me, so it's difficult to answer your question about being compelled or disposed, if you will, towards recommending or voting for a punitive discharge without hearing everything involved.
>
> \* \* \* \* \* \*
>
> "Disposed" would be a better term; however, I'm not sitting here telling you that because he's convicted that I'm all of a sudden going to have discharge in my mind.

Upon further questioning by trial counsel and the military judge, Major Swank stated that he believed he could be fair and impartial in his deliberations and that he would consider all the evidence in determining an appropriate sentence. He also responded that he was not predisposed to vote for a punitive discharge by just looking at the charge sheet.

Defense counsel challenged Lieutenant Colonel Clarke and Major Swank for cause, maintaining that both had "that particular inelasticity of mind" that was incompatible with duties as a court member. The mili-

tary judge denied the challenges for cause. The defense then used its sole peremptory challenge against Major Swank.

■ Both the Government and the accused are entitled to members who will keep an open mind and decide the case based on evidence presented in court and the law as announced by the military judge. *United States v. Garwood,* 20 M.J. 148, 152 (C.M.A.), *cert. denied,* — U.S. —, 106 S.Ct. 524, 88 L.Ed.2d 456 (1985). A member is not automatically disqualified, however, if he is candid enough to admit to an unfavorable inclination toward a particular offense. *United States v. Heriot,* 21 M.J. 11 (C.M.A.1985). The test is whether the member's personal bias is such that it will not yield to the evidence presented and the judge's instructions. *United States v. Davenport,* 17 M.J. 242 (C.M.A.1984); *United States v. Tippit,* 9 M.J. 106 (C.M.A. 1980).

■ The question of bias "is essentially one of credibility, and therefore largely one of demeanor." *Patton v. Yount,* 467 U.S. 1025, 1038, 104 S.Ct. 2885, 2892, 81 L.Ed.2d 847 (1984). Due to his superior position, the military judge's determination of bias is entitled to great deference on appeal and will not be reversed absent a clear abuse of discretion. *United States v. Deain,* 5 U.S. C.M.A. 44, 17 C.M.R. 44 (1954). After observing their demeanor and listening to their responses, the military judge in the instant case determined that the members were qualified to sit.

■ In response to questions propounded by the military judge, the challenged members asserted that they could keep an open mind. Appellant contends that, even assuming the military judge found these assertions sincere, this did not constitute adequate rehabilitation because the members were responding to leading questions.

We reject the notion that the military judge is precluded from using such questions. Broad latitude is vested in the military judge in conducting *voir dire.* He quite properly reminded the members of their responsibility to be fair, impartial, and open-minded and then sought to clarify whether they could perform that responsibility.

■ As is typically the case, many of their earlier *voir dire* responses were the product of hypothetical questions and "artful, sometimes ambiguous, inquiries from counsel." *United States v. Tippit,* 9 M.J. at 108. The members were understandably reluctant to commit themselves to an appropriate sentence before they had been presented with the evidence and the applicable law, and they should not be required to do so. Neither the Government nor the accused is entitled to a commitment from the triers of fact about what they will ultimately do. *United States v. Small,* 21 M.J. 218 (C.M.A.1986).

■ We conclude that the military judge did not abuse his discretion in denying the defense challenges for cause. Viewed in their entirety, the responses on *voir dire* evinced a willingness by the members to keep an open mind and to consider all the evidence in determining an appropriate sentence.

■ We again take the opportunity to encourage liberality in ruling on challenges for cause. Failure to heed this exhortation only results in the creation of needless appellate issues.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

Judge SULLIVAN did not participate.