UNITED STATES, Appellee,

v.

Private First Class Wallace A. CAMP-BELL, 263–47–6416, United States Army, Appellant.

ACMR 8800073.

U.S. Army Court of Military Review.

30 Aug. 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, First Lieutenant Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before COKER, KENNETT, and BASHAM, Appellate Military Judges.

## OPINION OF THE COURT

KENNETT, Judge:

■ Pursuant to his pleas, appellant was convicted of, *inter alia,* two specifications of barracks larceny. He alleges the military judge erroneously denied a challenge for cause against a court member who had been the victim of four larcenies.[1] We agree.

The court member, Lieutenant Colonel (LTC) W, related during *voir dire* that three of the incidents involved a forced entry into his garage, with personal property valued at approximately $1500 being taken on one occasion. The fourth incident involved the theft of some of his wife's jewelry from a room in the post's guest house as the member and his family were transferring to a new duty station. In response to questions concerning his impartiality on sentence, the member stated that he would *"try* to be open-minded" and "somewhat objective," but that he was "not sympathetic to thieves" and "could [not] have the same approach as someone who is of great innocence."

■ The military judge granted the first four defense challenges for cause, but denied the challenge against LTC W, stating:

It's clear to me, for the Appellate Courts, from observing the demeanor and appearance of the witness that he would be able to put aside these feelings, and as he indicated to me, fairly consider the issues here.

Notwithstanding the defense counsel's observation that "we have more than enough panel members,"[2] the judge, upon reconsideration, again denied the challenge for cause.[3]

■ Rule for Courts–Martial 912(f)(1)(N) provides that "[a] member *shall* be excused for cause whenever it *appears* that the member ... [s]hould not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality" (emphasis added). Lieutenant Colonel W's unfavorable inclination toward barracks thieves is not, in itself, an automatic disqualification to sit as a court member, *United States v. Reynolds,* 23 M.J. 292, 294 (C.M.A.1987), nor is his status as a larceny victim an automatic disqualification, *see United States v. Smart,* 21 M.J.

1. The court member was subsequently peremptorily challenged by the defense counsel who indicated that he would have exercised that challenge against another court member if the challenge for cause had been granted. Accordingly, the denial of the challenge for cause was preserved for appellate review. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 912(f)(4).

2. Sixteen court members were detailed, eight officers and eight enlisted. Three members were excused by either the convening authority or the staff judge advocate. Twelve members were present for voir dire, but one detailed member, a Major Phillips, was not listed as either present or excused when the trial counsel accounted for the members. The member's absence was never noted by the judge or counsel, nor did defense counsel object to the absence.

Although the judge and trial counsel are at fault for not accounting for all the detailed members, the absence of the court member is not a jurisdictional defect, *United States v. Colon,* 6 M.J. 73 (C.M.A.1978), and appellant's failure to object to the absence waived further review of the issue. *See United States v. Benoit,* 21 M.J. 579, 581 (A.C.M.R.1985). The court has been able to determine that Major Phillips was not present because if she had been present eight members would have remained after the five challenges (four for cause and one peremptory); however, during his sentencing instructions, the judge noted that "seven" members were present.

3. It appears that the judge may have lost count of the remaining members as he made certain remarks to the trial counsel indicating that the government should not exercise its peremptory challenge.

15, 20 (C.M.A.1985). Yet, his status as a victim of four separate larcenies akin to barracks larcenies[4] and his equivocal responses that he would "try" to be open-minded and "somewhat objective" compel our conclusion that LTC W should not have sat as a member "in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality." R.C.M. 912(f)(1)(N).

■ We recognize that the Court of Military Appeals has cautioned us to accord "great deference" to a military judge's denial of a challenge for cause, and not to reverse the judge's ruling "absent a clear abuse of discretion." *United States v. Reynolds,* 23 M.J. at 294. We also recognize that, more recently, our higher court has again stressed that "challenges for cause are to be liberally granted." *United States v. Glenn,* 25 M.J. 278, 279 (C.M.A. 1987), citing *United States v. Smart,* 21 M.J. at 18–19. We, too, have urged military judges to be liberal in granting challenges for cause. *United States v. Moyar,* 24 M.J. 635 (A.C.R.M.1987). We encourage military judges to reread former Chief Judge O'Roark's excellent opinion in *United States v. Moyar,* and adhere to the mandate to liberally grant challenges for cause.

■ In view of the military judge's abuse of discretion by failing to grant the challenge for cause against LTC W, we cannot affirm the sentence in this case. The findings of guilty are unaffected by the error as appellant entered pleas of guilty. *United States v. Smart,* 21 M.J. at 21 n. 4.

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Senior Judge COKER and Judge BASHAM concur.

---

4. "Prejudice must be suspected when most people in the same position would be prejudiced." *United States v. Smart,* 21 M.J. at 20 (opinion of Chief Judge Everett).