**UNITED STATES, Appellee,**

v.

**Sergeant Raymond A. COLLINS, 098–34–0794, United States Army, Appellant.**

**ACMR 8800734.**

U.S. Army Court of Military Review.

3 Nov. 1989.

For Appellant: Major Marion E. Winter, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Martin D. Carpenter, JAGC (on brief).

Before KUCERA, CARMICHAEL and GIUNTINI, Appellate Military Judges.

OPINION OF THE COURT

CARMICHAEL, Judge: *

Pursuant to his pleas, appellant was convicted of three specifications of committing indecent acts with a child. He now raises three issues affecting his sentence, one of which is an allegation that the military judge erroneously denied his challenge for cause against Colonel (COL) S, a court member. We agree.

During individual voir dire of COL S, trial defense counsel probed this member's beliefs concerning the significance of rehabilitative potential in deciding a sentence. In response to defense counsel's questions, COL S stated that he felt "very strongly that the term 'rehabilitation' [was] a cop out to get a lighter sentence." Further, that while he would consider testimony as to appellant's rehabilitative potential, he still viewed rehabilitation as a "cop out" for a light sentence. Colonel S then equated rehabilitation with temporary insanity, adding that he could not stand the latter defense. Although COL S reiterated his willingness to consider all evidence pertaining to sentencing, his denigration of rehabilitation continued. He described rehabilitation as always being used as a "defense" for criminal behavior, as "probably the best defense a defense attorney can have," and stated that personally "[he didn't] like it very well." Responding to a question from the military judge, COL S said that in making his comments he was not confusing rehabilitation with the defense of temporary insanity.

Trial defense counsel challenged COL S for cause based on COL S' beliefs on rehabilitation and his "cynical nature." The military judge denied the motion because he concluded that COL S was mistakenly equating rehabilitation with temporary in-

_____

* Judge H. St. G. T. Carmichael took final action on this case prior to his retirement.

sanity, a defense that was not at issue in appellant's case. Trial defense counsel preserved the issue for review as he peremptorily challenged COL S, stating that the peremptory challenge would have been directed toward another member but for the military judge's denial of his challenge for cause.

A military judge's denial of a challenge for cause should not be reversed "absent a clear abuse of discretion." *United States v. Reynolds*, 23 M.J. 292, 294 (C.M.A.1987). We find such an abuse in this case. Colonel S' responses reflect a cavalier attitude toward the legitimacy of rehabilitation as a sentencing goal. If COL S' responses simply mirrored his confused belief that rehabilitation was a defense equating to temporary insanity, a matter which he expressly denied on the record, we note that the military judge made only a cursory attempt, and the trial counsel none at all, to "rehabilitate" COL S. In the face of a record which was not developed on this point, we will not speculate about the basis or depth of COL S' pronounced dislike for rehabilitation.

We hold that COL S should not have sat as a member and that the military judge clearly abused his discretion by not dismissing COL S for cause. *See United States v. Campbell*, 26 M.J. 970 (A.C.M.R. 1988), *citing, inter alia,* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 912(f)(1)(N); *United States v. Glenn*, 25 M.J. 278 (C.M.A.1987); *United States v. Moyar*, 24 M.J. 635 (A.C. M.R.1987).

The issue raised by appellant, as well as the other two issues raised by appellate defense counsel, does not affect the findings of guilty. Appellant's pleas are provident and the findings of guilty are otherwise correct in law and fact; they are affirmed.

The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.