**UNITED STATES, Appellee**

v.

**Thomas BANNWARTH, Technical Sergeant, U.S. Air Force, Appellant.**

No. 67,476.
ACM 29040.

U.S. Court of Military Appeals.

Argued Oct. 2, 1992.

Decided Feb. 2, 1993.

For Appellant: *Captain David D. Jividen* (argued); *Major Alice M. Kottmyer* (on brief); *Colonel Jeffrey R. Owens, Lieutenant Colonel Terry J. Woodhouse, Captain Beverly B. Knott.*

For Appellee: *Captain Jeffrey C. Lindquist* (argued); *Lieutenant Colonel Brenda J. Hollis* (on brief); *Colonel Richard L. Purdon* and *Lieutenant Colonel Jeffery T. Infelise.*

*Opinion of the Court*

GIERKE, Judge:

A general court-martial composed of officer members convicted appellant, consistent with his pleas, of wrongfully using Tylenol III, a Schedule III controlled substance; wrongfully using Valium, a Schedule IV controlled substance; wrongfully possessing Tylenol III; stealing Tylenol III and Valium (one specification each); and dereliction of duty by failing to properly account for Tylenol III and Valium tablets entrusted to him in his capacity as the noncommissioned officer in charge of the base pharmacy, in violation of Articles 112a, 121, and 92, Uniform Code of Military Justice, 10 USC §§ 912a, 921, and 892, respectively. The approved sentence provides for a bad-conduct discharge, confinement for 9 months, and reduction to E–1. The Court of Military Review affirmed the findings and sentence in an unpublished opinion dated June 20, 1991.

This Court granted review of the following issue:

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE DENIED THE DEFENSE COUNSEL'S CHALLENGE FOR CAUSE AGAINST COLONEL FRIEDLANDER.

During voir dire by defense counsel, Colonel Friedlander, a court member, responded affirmatively when asked if he considered himself "a close friend of Lieutenant Colonel Wasem," the accuser.

When asked if Lt. Col. Wasem "discuss[ed] any of the facts" of the case or expressed "any opinions about his feelings on it," Col. Friedlander answered in the negative. Neither defense counsel, trial counsel, nor the military judge pursued the matter further.

When the panel was asked whether any member, "in the position of a commander, administratively discharged a member ... for drug use," with an "administrative discharge, like 39–10, a general discharge," Col. Friedlander responded that he had an administrative discharge "in process" for a member of his command. None of the parties, including the military judge, pursued this matter further.

Defense counsel asked Col. Friedlander individually, "[D]o you believe there is room in the Air Force for illegal drug users?" Col. Friedlander responded, "No, I don't." Defense counsel then asked the panel as a whole, "Does anyone here, by looking at the charges that Sergeant Bannwarth has plead[ed] guilty to—does anybody think by just looking at that he deserves a punitive discharge?" Two of the nine panel members stated they had not decided whether a punitive discharge was appropriate, but the record reflects no response from seven members, including Col. Friedlander. Once again, neither counsel nor the military judge questioned Col. Friedlander further.

After counsel for both sides completed their voir dire, the military judge asked, "Does any member of this court write, endorse or review the performance reports of any other members?" Col. Friedlander disclosed that he was the superior commander and rating official for Captain Wallace, also a member of the panel. Col. Friedlander and Capt. Wallace disclosed that Capt. Wallace was due to receive a performance report "in a few months." The military judge explored this matter as follows:

MJ: Let me ask this question, Captain Wallace. Since your rating official is sitting on this panel, too, and you obviously all are expected to utilize your individual views on what the appropriate

sentence would be, do you feel any sort of pressure from having Colonel Friedlander on this panel?

MBR (Capt. Wallace): No, Sir.

MJ: Do you feel that you could still go ahead and adhere to your own opinions and vote the way your conscience feels, even though you may disagree with your rating official?

MBR (Capt. Wallace): Yes, sir.

MJ: Does it bother you in any way having him on the panel?

MBR (Capt. Wallace): Sir, we have disagreements on other things, too.

MJ: Colonel Friedlander, is that substantially correct?

MBR (Col. Friedlander): It's never stopped him before, Sir.

MJ: Do you have any qualms about having a member that you rate on this panel?

MBR (Col. Friedlander): No, I don't, Sir, because I believe that both as an individual and as an officer he's done well.

Thereafter, defense counsel challenged Col. Friedlander and two other members for cause. Defense counsel based the challenge against Col. Friedlander on two grounds: first, his belief that there is no room in the Air Force for illegal drug users; and second, his supervisory position over Capt. Wallace. After the military judge denied the challenge of Col. Friedlander for cause, defense counsel peremptorily challenged another member who had been unsuccessfully challenged for cause. Capt. Wallace was not challenged.

Before this Court appellant asserts the same two grounds for challenging Col. Friedlander; in addition appellant asserts that Col. Friedlander should have been excused because of his friendship with the accuser, Lt. Col. Wasem. He did not testify for either side, although he signed three of appellant's performance reports as the "indorser." On all three reports he concurred in generally favorable ratings given by appellant's immediate supervisor and made no unfavorable comments.

During the sentencing hearing, appellant made an unsworn statement in which he described his long struggle with alcoholism. He stated that he started using controlled drugs as a substitute for alcohol. Appellant specifically asked the court-martial to impose a bad-conduct discharge instead of confinement.

■ RCM 912(f)(1)(N), Manual for Courts–Martial, United States, 1984, mandates that "[a] member shall be excused for cause whenever it appears that the member: ... [s]hould not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality." RCM 912(f)(1)(N) is based on Article 25, UCMJ, 10 USC § 825, which establishes the qualifications for court members, and paragraph 62h(2), Manual for Courts–Martial, United States, 1969 (Revised edition), which exhorted military judges to "be liberal" in granting challenges for cause. Drafters' Analysis, 1984 Manual, *supra* at A21–55 (Change 4). *See United States v. Reynolds*, 23 MJ 292, 294 (CMA 1987) ("We again take the opportunity to encourage liberality in ruling on challenges for cause.") A military judge's rulings on challenges for cause "will not be reversed absent a clear abuse of discretion." *United States v. Reynolds, supra* at 294, *citing United States v. Deain*, 5 USCMA 44, 17 CMR 44 (1954).

In reviewing the challenge against Col. Friedlander, we must consider each ground for challenge individually as well as collectively. We turn to the first ground for challenge, based on Col. Friedlander's response to the no-room-in-the-Air-Force question.

■ A challenge for cause must be granted when a court member has "an inelastic attitude toward the imposition of a punitive discharge ... based solely on the nature of the crime." *United States v. Cosgrove*, 1 MJ 199, 200 (CMA 1975). On the other hand, a court member's response to "artful, sometimes ambiguous, inquiries from counsel" does not require that the military judge grant a challenge for cause.

*United States v. Tippit,* 9 MJ 106, 108 (CMA 1980). Likewise, an unfavorable inclination toward an offense is not automatically disqualifying. *See United States v. Reynolds, supra* (strong distaste for barracks larceny not automatically disqualifying); *United States v. Cosgrove, supra* (distaste for drug offense not automatically disqualifying).

RCM 912(f)(3) provides, "The burden of establishing that grounds for a challenge exist is upon the party making the challenge." Col. Friedlander's familiarity with administrative discharge proceedings for drug users was well-established on the record, but his attitude regarding imposition of a punitive discharge for drug abuse was not explored by defense counsel, who had the burden of establishing the grounds for challenge. We cannot determine from the record whether Col. Friedlander believed that all drug abusers should receive punitive discharges.

■ The question is whether Col. Friedlander's response to a single, ambiguous question raised "substantial unanswered questions" as to his impartiality, requiring the military judge to inquire further "to erase any doubts of partiality." *United States v. Reichardt,* 28 MJ 113, 116 (CMA 1989). We need not resolve this latter question here, because any error by the military judge in failing to clarify Col. Friedlander's answer was harmless. Col. Friedlander's attitude regarding discharge of drug users could not have harmed appellant in this case, since appellant specifically requested that he be given a punitive discharge in lieu of confinement.

■ Turning next to Col. Friedlander's supervisory relationship with Capt. Wallace, we first note that a senior-subordinate relationship between court members does not automatically disqualify the senior member. *United States v. Murphy,* 26 MJ 454 (CMA 1988); *see United States v. Blocker,* 32 MJ 281, 286–87 (CMA 1991). In this case the military judge fully explored both Col. Friedlander's and Capt. Wallace's attitudes toward serving together on appellant's court-martial and determined that both could judge appellant's case fairly and impartially. We hold that the military judge did not abuse his discretion with regard to this ground for challenge.

■ We turn next to Col. Friedlander's close friendship with Lt. Col. Wasem, the accuser. Friendship with the accuser is not automatically disqualifying. *See United States v. Porter,* 17 MJ 377 (CMA 1984)(friendship with trial counsel did not *per se* disqualify court member). Since defense counsel did not challenge Col. Friedlander on the basis of his friendship with Lt. Col. Wasem, that ground for challenge was waived. RCM 912(f)(4). In this case, since Lt. Col. Wasem did not testify and did not communicate his views regarding the case to Col. Friedlander, there is no "plain error" to overcome waiver of the challenge.

■ Finally, we consider whether all three grounds for challenge, considered cumulatively, would compel reversal of the military judge's ruling, even though each ground considered individually would not require reversal. *See generally United States v. Banks,* 36 MJ 150 (CMA 1992); *United States v. Harris,* 13 MJ 288, 292 (CMA 1982). We hold that reversal is not required.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS, JJ., concur.