UNITED STATES, Appellee,

v.

Private E2 Roger T. GREENWALD,
523–11–7096, United States
Army, Appellant.

ACMR 9201487.

U.S. Army Court of Military Review.

30 April 1993.

For Appellant: Captain Thomas D. Wight, JAGC (argued); Colonel Malcolm H. Squires, Jr., JAGC (on brief); Major Robin L. Hall, JAGC.

For Appellee: Captain John G. Giovannelli, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Captain Robert J. Walters, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

WALCZAK, Judge:

The appellant was tried by a special court-martial authorized to adjudge a bad-conduct discharge composed of officer and enlisted members at Fort Carson, Colorado. Contrary to his pleas, he was convicted of willfully disobeying a lawful order of a noncommissioned officer in violation of Article 91, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 991. The court sentenced the appellant to a bad-conduct discharge and confinement for 15 days. The convening authority approved the sentence adjudged.

At trial and on appeal, the appellant asserts that his request for individual military defense counsel was incorrectly denied, first by the requested counsel's commander, and later at trial by the military judge. We disagree.

Prior to trial, the appellant requested Lieutenant Colonel (LTC) G, U.S. Army Reserve, be detailed as individual military counsel. LTC G was a judge advocate assigned to the 120th Judge Advocate Detachment, Aurora, Colorado. Appellant's request was denied by the Commander, 120th Judge Advocate Detachment, because of the following reasons: The requested defense representation was not related to LTC G's duty assignment (LTC G was assigned to a procurement law team); LTC G lives and is engaged in civilian law practice in Texas—more than one hundred miles from the trial site at Fort Carson; LTC G was completing two weeks of annual training at Fort Lewis, Washington on 11 July while appellant's trial was scheduled for 15 July; LTC G had been absent from his private law practice for two weeks and had clients waiting for his services; LTC G would not have sufficient time to prepare for appellant's court-martial; and finally, that it would be difficult to receive approval for orders and funding for LTC G to perform the requested duty.

The appellant appealed the determination of LTC G's non-availability to the Commander, 120th Army Reserve Command (ARCOM). He argued that LTC G may well have formed an attorney-client relationship with him through informal discussions with appellant's wife; that LTC G had expressed a willingness to represent him; and that there was sufficient time for LTC G to prepare for trial because the military judge could always grant a continuance.

The Commander, 120th ARCOM, denied appellant's appeal, determining that LTC G was not reasonably available to represent the appellant. The commander reiterated the same reasons in his decision as in the earlier denial by LTC G's immediate commander. He also determined that LTC G had not formed an attorney-client relationship with the appellant and that LTC G's only involvement in appellant's case was limited to explaining to appellant's wife how one proceeds with requesting individual military counsel.

Article 38(b), UCMJ, provides that an accused has the right to be represented by a military counsel of the accused's own selection, if "reasonably available". The respective service secretaries define "reasonably available" in regulations. The Army regulation states:

> [T]he responsible authority . . . may consider all relevant factors, including but not limited to the following:
>
> (1) The requested counsel's duty position, responsibilities and workload.
>
> (2) Any ethical consideration which might prohibit or limit the participation of the requested counsel.
>
> (3) Time and distance factors; i.e., travel to and from the situs, anticipated date, and length of the trial or hearing.
>
> (4) The effect of the requested counsel's absence on the proper representation of the requested counsel's other clients.
>
> (5) The number of counsel assigned as trial counsel or assistant trial counsel to the Article 32, UCMJ, investigation or trial.

(6) The nature and complexity of the charges and legal issues involved in the case.

(7) The experience level, duties, and caseload of the detailed military defense counsel.

(8) Overall impact of the requested counsel's absence on the ability of the requested counsel's office to perform its assigned mission; e.g., personnel strength, scheduled departures or leaves, and unit training and mission requirements.

Army Regulation 27–10, Legal Services: Military Justice, para. 5–7d (22 Dec. 1989) [hereinafter AR 27–10].

■■■■ Accordingly, the right to counsel of choice is not absolute, but is subject to the exigencies and practicalities of whatever situation may obtain at the time. *United States v. Ettleson*, 13 M.J. 348, 354 (C.M.A.1982); *United States v. Gipson*, 25 M.J. 781, 783 (A.C.M.R.), *petition denied*, 27 M.J. 22 (C.M.A.1988); *United States v. Redding*, 11 M.J. 100, 112 (C.M.A.1981). The decision to declare a counsel not reasonably available, however, must be based on a sound reason. *Ettleson*, 13 M.J. at 354.

LTC G's immediate commander, and the Commander, 120th ARCOM, based their determinations as to the availability of LTC G on several factors, which collectively establish an overwhelming basis for denial of appellant's request. Additionally, the military judge cited an additional consideration, one which the appellant acknowledged at trial: that appellant had not discussed his case with LTC G and no attorney-client relationship had been formed. *See AR 27–10, para. 5–7e.*

■■■■ In determining whether there has been an abuse of discretion, the question is not whether the reviewing court agrees with the decision, but whether in view of the relevant rule of law applicable to the particular case and on due consideration of all the circumstances, the exercise of discretion was not one that reasonably could have been made. *See United States v. Lutz*, 18 M.J. 763, 768 (C.G.C.M.R.1984).

■■■ Reviewing the decisions of the requested counsel's commanders for an abuse of discretion, we agree with the military judge's finding that their denial was reasonable under the circumstances. *See United States v. Redding*, 8 M.J. 719, 722 (N.C.M.R.1979), *remanded for further action*, 11 M.J. 100 (C.M.A.1981). Accordingly, we find the requested counsel's commanders' decisions and the military judge's finding were reasonable under the circumstances.

■■■ Even assuming that the denial of LTC G as requested individual military counsel was erroneous, in order for appellant to obtain relief, the error must have resulted in prejudice to him. Article 59(a), UCMJ. *See Gipson.* Appellant has failed to identify any prejudice by the denial of requested individual military counsel. We also conclude that appellant was well represented by the detailed military defense counsel, and that after appellant's motion for appropriate relief for LTC G was denied by the military judge, counsel and appellant proceeded with trial. Therefore, we hold that appellant's assignment of error is without merit.

■■■ We believe that under circumstances similar to those in appellant's case, a judge advocate who is not on active duty will seldom be reasonably available to serve as individual military counsel. We further note that the attorney-client privilege is ordinarily severed by a judge advocate's release from active duty. *See generally United States v. Lolagne*, 11 M.J. 556 (A.C.M.R.1981); AR 27–10, app. C, para. C–1b.

Lastly, the appellant claims that his court-martial lacked jurisdiction because the military judge was designated in violation of the Appointments Clause of the United States Constitution. We disagree. *See United States v. Weiss*, 36 M.J. 224 (C.M.A.1992).

■■■ We have considered the issues personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), to include the severity of the

sentence, and hold that no relief is warranted.

The finding of guilty and the sentence are affirmed.

Senior Judge De GIULIO and Judge BAKER concur.