UNITED STATES, Appellee,

v.

Private Robert O. **RICHTER**, 440–62–4200, United States Army, Appellant.

ACMR 9200709.

U.S. Army Court of Military Review.

25 May 1993.

For Appellant: Colonel Malcolm H. Squires, Jr., JAGC, Captain Robert L. Carey, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Bartlett, JAGC, Captain John P. Saunders, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

DE GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a special court-martial. Pursuant to his pleas, he was found guilty of obtaining telephone services by false pretenses and breaking restriction in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). He was sentenced to a bad-conduct discharge and confinement for four months. The sentence was within the limitations of a pretrial agreement, and the convening authority approved it.

Appellant asserts that a new post-trial recommendation is required because no attorney-client relationship was formed between appellant and the attorney who submitted matters in his behalf. He asserts that an inexcusably-long delay in submit-

ting a post-trial request for clemency by that same attorney precluded any realistic opportunity for sentence relief. Finally, he asserts that his pleas were improvident, because the military judge failed to elicit an admission from appellant that his conduct was prejudicial to good order and discipline or was service discrediting. We disagree and affirm.

## I.

### Post-trial Representation

■ We have before us a case in which appellant was tried by court-martial, served his sentence to confinement, and was placed on excess leave. After trial, the attorney who represented appellant at trial left the service. Another attorney was detailed to represent appellant during post-trial procedures. That attorney was unable to contact appellant, who was on excess leave, and obtained several delays for the submission of post-trial matters. Finally, she submitted a request for clemency which summarized, in an excellent manner, those factors presented at trial most favorable to appellant.

Appellant now claims no attorney-client relationship was established, and he was denied the opportunity to effectively exercise his post-trial rights. Appellant relies on *United States v. Iverson*, 5 M.J. 440, 443 (C.M.A.1978). In that case, an accused was sent to Fort Riley, Kansas, to serve his sentence to confinement. Although his trial defense counsel remained on active duty at the place of trial, another counsel was detailed at Fort Riley to represent the accused for the post-trial processing of his case. The newly-detailed attorney had no prior connection with the case, and the record of trial did not disclose whether he communicated with the trial defense counsel or the accused. Nothing was submitted on behalf of the accused. The court held that the attorney-client relationship with the trial defense counsel could not be terminated for administrative inconvenience and was improperly interrupted. A new review and action was ordered.

■ The attorney-client relationship can be severed for good cause. *Iverson*, 5 M.J. at 442; *United States v. Eason*, 21 U.S.C.M.A. 335, 339, 45 C.M.R. 109, 113 (1972). Release of the military attorney from active duty severs the attorney-client relationship. *United States v. Greenwald*, 37 M.J. 537 (A.C.M.R.1993); *United States v. Lolagne*, 11 M.J. 556 (A.C.M.R.1981). Substitute counsel must enter into an attorney-client relationship with an accused before submitting a response to the staff judge advocate's recommendation. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1106(f)(2).

In the case before us, appellant must bear some responsibility for not being available for substitute counsel to communicate with him. In our view, under the circumstances of this case, it is better for appellant to be represented by a counsel with whom he did not communicate than the alternative, that is, to have no one represent him and have nothing submitted at all. In any event, we find no prejudice to appellant. *See United States v. Godfrey*, 36 M.J. 629 (A.C.M.R.1992).

## II.

### Post-trial Delay

On the one hand, appellant asserts that substitute counsel had no authority to submit a request for clemency. Nevertheless, he asserts that the long delay in processing that same request deprived him of any opportunity for relief. It seems to this court that appellant should not be permitted to disavow the post-trial submission and at the same time attempt to use it to his benefit.

■ In any event, the post-trial processing of this case is not an example to be emulated. Trial was completed on 26 March 1992. The record of trial was authenticated on 18 June 1992. The convening authority took action on 9 November 1992. Although there is no explanation for the delay, we can determine that the record of trial was transcribed, substitute counsel was appointed, the recommendation was prepared, substitute defense counsel sub-

mitted clemency matters, and action was taken. Forty-four days of that delay were at the request of substitute counsel.[1]

In *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), the United States Court of Military Appeals imposed a rule that, where an accused was continuously under restraint for ninety days and action was not taken, a presumption of a denial of speedy disposition of the case arose and placed the government under a heavy burden to show diligence. *Id.* Absent such a showing the charges were to be dismissed. *Id.* This inflexible rule was replaced by a test for prejudice. *United States v. Banks*, 7 M.J. 92 (C.M.A.1979).

In this case, substitute counsel could not contact appellant. Further, appellant has not provided this court with other clemency matters which he would have submitted to the convening authority. In addition, appellant's own sentence limitation in his pretrial agreement is a reasonable indication of its probable fairness to him. *See United States v. Hendon*, 6 M.J. 171, 175 (C.M.A. 1979). Considering all the circumstances of this case, we find appellant was not prejudiced by the post-trial delay. *See United States v. Dunbar*, 31 M.J. 70 (C.M.A.1990).

### III.

#### Appellant's Plea of Guilty

■ Appellant asserts that his pleas of guilty were improvident because the military judge failed to elicit an admission from him that his conduct was prejudicial to the good order and discipline or was service discrediting. In this case, the military judge advised appellant of the elements of the offense, to include that his conduct was prejudicial to the good order and discipline or was of a nature to bring discredit upon the armed forces. He de-

fined these terms to appellant. Appellant admitted that his conduct would be considered as prejudicial to good order and discipline or was of a nature to bring discredit upon the armed forces. When asked, appellant had no questions about the elements of the offenses and admitted that the specifications described what he did. Appellant also described his conduct concerning the offenses in his own words. Considering the providence inquiry as a whole, we find it sufficient. *See United States v. Plante*, 36 M.J. 626 (A.C.M.R. 1992); *United States v. Silver*, 35 M.J. 834 (A.C.M.R.1992); *see also United States v. Cornelius*, 29 M.J. 501 (A.C.M.R.1989). The assertion of error is without merit.

The remaining assertions of error are also without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.

---

1. It is interesting to note that appellant's brief maintains that this issue was not waived because the substitute counsel was not acting with authority when she submitted the request for clemency. Again, we note that this is inconsistent with this assertion of error in that the request for clemency is the very same request submitted by substitute counsel. It seems to us that appellant "can't have his cake and eat it,

too." We also note that appellant's brief was filed over ninety days after the case was referred to Defense Appellate Division for assignment of counsel, after a delay to file briefs was granted, after filing time was missed, and after permission was granted by this court to file out of time. This brings to mind the old adage that "people who live in glass houses should not throw stones."