**UNITED STATES, Appellee,**

v.

**Private First Class Sean L. KELLEY, 591–42–1728, United States Army, Appellant.**

**ACMR 9300323.**

U.S. Army Court of Military Review.

28 June 1994.

For Appellant: Captain Thomas D. Wight, JAGC (argued); Colonel Stephen D. Smith, JAGC (on brief); Major Robin L. Hall, JAGC.

For Appellee: Captain Kenneth G. Wilson, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Captain Glenn L. Kirschner, JAGC (on brief); Captain John G. Giovannelli, JAGC.

Before CUTHBERT, LANE, and RUSSELL, Appellate Military Judges.

## OPINION OF THE COURT

LANE, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial composed of officer and enlisted members of conspiracy to commit an indecent assault, larceny of property of a value under $100.00, burglary and indecent assault, in violation of Articles 81, 121, 129 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, 929 and 934 (1988) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the adjudged sentence, but suspended for six months all confinement and forfeitures in excess of twelve months.

The appellant asserts, inter alia, that (1) he was improperly denied individual military counsel, (2) the military judge erred in denying a continuance until his requested counsel would be available, and (3) the military judge erred in denying the defense's challenge for cause against Captain (CPT) Young. We hold that the appellant was not improperly denied individual military counsel, but that the military judge did err in denying the challenge for cause.

### I. Counsel of Choice

The right to counsel of choice is not absolute, but is subject to the conditions existing at the time of the request. *United States v. Redding*, 11 M.J. 100 (C.M.A.1981) (no constitutional right to counsel of choice provided free by government); *United States v. Greenwald*, 37 M.J. 537 (A.C.M.R.1993) (citing *United States v. Ettleson*, 13 M.J. 348

(C.M.A.1982)). We will examine the denial of the request, looking for an abuse of discretion.[1] *United States v. Quinones*, 1 M.J. 64, 23 U.S.C.M.A. 457, 50 C.M.R. 476 (1975); *United States v. Anderson*, 36 M.J. 963, 973 (A.F.C.M.R.1993).

The appellant asserts that the Chief Circuit Defense Counsel, an Air Force officer, wrongly denied his request for an Air Force captain in place of his detailed Army counsel. The Chief Circuit Defense Counsel rendered a brief written response to the appellant's request, providing details only as to the requested counsel's caseload and not directly addressing any of the other four "factors" for consideration set out in Air Force regulations.[2] However, this does not make the determination improper if we can find that sound reasons existed for the denial. *Id.* Even if we were to assume an improper denial, the appellant must show prejudice before he is entitled to relief. *Greenwald*, 37 M.J. at 539. We find, under the circumstances of this case,[3] that the denial was not an abuse of discretion and that the appellant was provided a vigorous defense, thereby suffering no prejudice. Accordingly, we also find that the military judge did not abuse his discretion in denying the continuance when sound reasons existed for adhering to the long-established trial date.[4]

### II. Challenge for Cause

During individual voir dire by the trial defense counsel, CPT Young revealed that his sister-in-law had been the victim of a rape fourteen years earlier. After he described the circumstances of the rape, the following colloquy took place.

---

1. Appellate defense counsel asks this court to enforce the standard of being "extremely liberal in furnishing qualified counsel" found in *United States v. Cutting*, 14 U.S.C.M.A. 347, 34 C.M.R. 127, 132 (1964). This standard is outdated. Appellate counsel forgets that, prior to 1969, military personnel were not entitled to legally-qualified counsel at special courts-martial. In *Cutting*, the accused had detailed non-lawyer counsel and requested available lawyer counsel. Here, the appellant had legally-qualified detailed counsel throughout and only sought to replace one free lawyer with another.

2. Air Force Reg. 111–1, Military Justice Guide, para. 8–4b(4) (9 Mar. 1990).

3. The appellant requested an Air Force captain in lieu of his detailed Army captain without any showing that one was more or less qualified than the other generally or with respect to the pending charges, nor did he claim any prior attorney-client relationship to bolster his request. Despite at least one "bald" assertion of specific prejudice by appellate defense counsel during oral argument, the appellant has failed to provide any evidence of such caused by the denial of the Air Force defense counsel.

4. Rule for Courts–Martial 906(b)(1) (discussion) [hereinafter R.C.M.]. *See United States v. Perry*, 14 M.J. 856, 859–60 (A.C.M.R.1982).

DC: Now ... that incident perhaps might give you an opinion with regard to people who are accused of rape or rape scenarios?

MEMBER (CPT Young): I don't know honestly. I would like to think I could be objective, but we are of our past experiences. I would like to think I have an open mind. I realize this is a different situation.

DC: Do you feel—do you have any feeling of anger?

MEMBER (CPT Young): On that incident, yes, I do and resentment.

Captain Young then related that the case took a long time to get to trial, that the assailant was convicted but because of appeals he was released, and that the assailant made threats against CPT Young's sister-in-law. He said that because the case dragged on, his sister-in-law could not get the incident behind her in a timely manner, and the process was unfair. After additional questions by the trial defense counsel relating to UCMJ classes, CPT Young's experiences as a company commander, and his prior contacts with the accuser in the case, the voir dire ended. Neither the trial counsel nor the military judge conducted any voir dire of CPT Young.

The defense challenged CPT Young for cause because of his experience with a family member being raped. Counsel argued that he "would have a tendency to adjudge [sic] the accused in this case based on his feelings of frustration and anger with regard to the resolution of that offense." The military judge denied the challenge without explanation, and the defense used its peremptory challenge against CPT Young.[5]

### A. Applicable Law

■ A member shall be excused for cause whenever it appears the member should not sit in the interests of having the court-martial free from substantial doubt as to legality, fairness and impartiality. R.C.M. 912(f)(1)(N). In determining a challenge for cause, the issue is whether the member is mentally free to return an impartial finding, as the accused is entitled to have his guilt determined by members with fair and open minds. *United States v. Smart*, 21 M.J. 15 (C.M.A.1985); *United States v. Parker*, 6 U.S.C.M.A. 274, 19 C.M.R. 400 (1955); *United States v. Deain*, 5 U.S.C.M.A. 44, 17 C.M.R. 44 (1954). A member is not automatically disqualified because of an experience with, exposure to, or unfavorable inclination toward a specific crime. *United States v. Reynolds*, 23 M.J. 292 (C.M.A.1987); *United States v. Campbell*, 26 M.J. 970, 971 (A.C.M.R.1988); *United States v. Moyar*, 24 M.J. 635, 638 (A.C.M.R.1987).

■ A military judge should be liberal in passing on challenges for cause. *United States v. Glenn*, 25 M.J. 278, 279 (C.M.A. 1987); *Smart*, 21 M.J. at 18 n. 1. On the other hand, special deference is to be given to the military judge's exercise of discretion in dealing with challenges because of his superior position to judge the demeanor of the member. *Reynolds*, 23 M.J. at 294; *Campbell*, 26 M.J. at 972; *Moyar*, 24 M.J. at 638. The issue of member bias is "essentially one of credibility," which the military judge can ascertain by observing the member's demeanor during voir dire. *Patton v. Yount*, 467 U.S. 1025, 1038, 104 S.Ct. 2885, 2892, 81 L.Ed.2d 847 (1984); *Reynolds*, 23 M.J. at 294. The military judge's decision on a challenge will not be reversed "absent a clear abuse of discretion." *Id.; Deain*, 17 C.M.R. at 49.

### B. Policy Considerations

The mandate for a military judge to be liberal in granting challenges and the admonition to defer to the judge "on the scene" create a tension for reviewing courts to confront when determining whether a trial judge abused his or her discretion. This is no easy, or insignificant, task. Chief Judge Everett wrote in *Smart* that, while respecting the "conscientiousness of military judges in ruling on challenges," military appellate courts have an important responsibility in ensuring a fair court-martial panel. 21 M.J. at 19. "Our responsibility is especially great—perhaps greater than that of other appellate courts—because in courts-martial peremptory challenges are much more limited than in

---

5. The defense properly preserved this issue in accordance with R.C.M. 912(f)(4).

most civilian courts and because the manner of appointment of court-martial members presents perils that are not encountered elsewhere." *Id.* Accordingly, the court refused to accept the perfunctory disclaimer of personal interest—"I think I could" render a fair and just sentence—in response to "rehabilitating" questions.

This court in *Moyar*, speaking through Chief Judge O'Roark, said that the "legitimacy of the court-martial jury of superiors is predicated on and justified by the unique requirement for courts-martial to provide both a fair and impartial forum for resolving criminal misconduct...." 24 M.J. at 638. He went on to state that in spite of the "mandate" to be liberal in granting challenges and that military exigency is seldom a factor in trial management today, some military judges only grudgingly grant challenges for cause "and others frustrate the rule with pro forma questions to rehabilitate challenged members." *Id.* The court found that the member's revelation, for the first time, of a distressing event in his family twenty-six years before and his "puzzling" responses as to his ability to be impartial, plus the military judge's "mechanical rehabilitative questions" which did not explore the implications of the member's statements vis-a-vis his present state of mind, compelled a conclusion that the military judge had abused his discretion in not granting the challenge. *Id.*

In *Campbell*, the member had been a victim of larcenies but stated that he would "try to be open-minded" and "somewhat objective." 26 M.J. at 971. The military judge denied the challenge of this member, stating that it was clear "from observing the demeanor and appearance" of the member that he could put aside improper feelings and act fairly. Even so, the court had no trouble finding an abuse of discretion in the denial of the challenge, encouraging military judges to reread Chief Judge O'Roark's opinion in *Moyar* and to "adhere to the mandate to liberally grant challenges for cause." *Id.* at 972.

### C. Analysis

■ In the instant case, we begin with the statement of CPT Young that he "would like to think" he could be objective and keep an open mind. His plain language makes it apparent to the reasonable person that CPT Young harbored some "substantial doubt" about whether the rape of his sister-in-law would affect his impartiality in this case. *See* R.C.M. 912(f)(1)(N). This is fortified by his comment that people are a product of their past experiences, that is, that they bring to decision-making the emotions and biases of past events. For CPT Young, these emotions included anger and resentment. While these feelings are clearly directed at the system that delayed the prosecution and ultimately released his sister-in-law's assailant, it is not clear that CPT Young's feelings were not also directed, in some measure, toward persons accused of sexual assaults. The only comments that could be said to counter this interpretation of CPT Young's statements are his concessions that the appellant's case "is a different situation" and "I was obviously biased because she was a family member."

Pressing the admonition to be deferential, the government would have us accept that the military judge, in witnessing the demeanor of the member as he made these statements, saw no evidence of predisposition on CPT Young's part. Unlike most of the cases cited above, neither the trial counsel nor the military judge asked even the most routine rehabilitative questions to clarify further CPT Young's state of mind. Then, unlike *Campbell*, there is the judicial denial of the challenge without any articulation of the reason therefore. If we accept the government's argument, are we performing our important responsibility which both Chief Judge Everett and Chief Judge O'Roark stressed is essential to preserving the "legitimacy" of the court-martial system? We cannot today look into the minds of the member and the military judge to see if one was truly able to be fair and impartial and if the other was consciously weighing demeanor and credibility. We are left with the "cold record."

On the record alone, we have an equivocal statement implying bias with no meaningful counterbalance. This was the military judge's "cue" to conduct further voir dire to clarify the member's state of mind, and provide us with a record to support his ruling.

However, we have no assurance in this record that the military judge considered the criteria of R.C.M. 912(f)(1)(N) and the mandate of *Smart*, and found their application unnecessary. This failure was error on the part of the military judge.[6] Therefore, we are not satisfied that these proceedings are free from substantial doubt as to their legality, fairness, and impartiality. Accordingly, we have no choice but to find that the military judge clearly abused his discretion in denying the challenge of CPT Young.

The remaining assertions of error, to include those raised personally by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Chief Judge CUTHBERT and Judge RUSSELL concur.

---

6. "Until it is recognized that this mandate is just that, the likelihood is that some trial judges will continue to consider [it] a form of moral suasion to take or leave." *Moyar*, 24 M.J. at 639.