STUCKY, Judge
(concurring):
Trial counsel posed voir dire questions using facts from Appellant’s case to obtain from court members commitments that they would view those facts in a particular way. While I agree with the majority’s disposition of the case, I write separately to emphasize that actions like those of the trial counsel are disfavored, if not necessarily outright error. As we cautioned practitioners in United States v. Tippit:
*151 [I]t is appropriate to allow considerable leeway to counsel in the voir dire examination of court members as they seek to ascertain whether a challenge for cause should be asserted. However, latitude for counsel in propounding questions to court members about their reactions to hypothetical situations should not become an invitation to reversible error.
9 M.J. 106, 107-08 (C.M.A.1980) (per curiam). More recently, we sympathized “‘with the plight of court-martial members who on voir dire are asked hypothetical questions.’ ” United States v. Rolle, 53 M.J. 187, 191 (C.A.A.F.2000) (quoting United States v. Heriot, 21 M.J. 11, 13 (C.M.A.1985)).
This Court has long held it is error to pose hypothetical questions involving case-specific facts to seek a commitment regarding a punitive discharge. United States v. Reynolds, 23 M.J. 292, 294 (C.M.A.1987). As we said in Reynolds, “[n]either the Government nor the accused is entitled to a commitment from the triers of fact about what they will ultimately do.” Id. (holding that hypothetical voir dire questions asking members to commit themselves to an appropriate sentence was error); accord Rolle, 53 M.J. at 191; United States v. Rockwood, 52 M.J. 98, 106 (C.A.A.F.1999); United States v. Small, 21 M.J. 218, 219 (C.M.A.1986). Although the questions posed in Appellant’s case did not seek commitment on a particular sentencing element, they did seek commitment on how the member questioned would view certain evidence.
Although I would find error in this case, I agree with the majority that the error is not plain or obvious. See United States v. Magyari, 63 M.J. 123, 125 (C.A.A.F.2006) (holding that there is no plain error unless an appellant can show the error was plain or obvious and that the error materially prejudiced the appellant’s substantial rights). While this Court has addressed the validity of voir dire questions seeking commitment on an appropriate sentence, this Court has not clearly addressed whether it is error to seek commitment on a disputed factual matter.[1] I agree with the majority that the decisions discussing this issue, in both this Court and in other federal courts, do not provide clear guidance. Error cannot be plain or obvious if the law is unsettled on the issue at the time of trial and remains so on appeal. United States v. Garcia-Rodriguez, 415 F.3d 452, 455-56 (5th Cir.2005); United States v. Diaz, 285 F.3d 92, 96 (1st Cir.2002). Nor is an error “plain” if Appellant’s theory requires “the extension of precedent.” United States v. Hull, 160 F.3d 265, 272 (5th Cir.1998).
Thus, I would find the use of voir dire questions asking for a commitment using case-specific facts to formulate hypothetical questions was error in this case, but the error was not so plain or obvious that it relieves Appellant of his failure to preserve the issue on appeal. For this reason, I concur in affirming the decision of the United States Navy-Marine Corps Court of Criminal Appeals.

. One possible exception is United States v. Carver, 6 C.M.A. 258, 19 C.M.R. 384 (1955). In Carver, the law officer released a member after the member apparently became disturbed by trial counsel’s questioning of a defense expert witness. 6 C.M.A. at 264, 19 C.M.R. at 390. Trial counsel was allowed to voir dire the member mid-trial. Id. We held it was error to permit questions designed to discover the weight the member would give to various expert witnesses as the questions asked for a commitment on how he would decide the issues before hearing testimony or receiving evidence. 6 C.M.A. at 267, 19 C.M.R. at 392. Given the unusual facts of this case, I do not see it as clearing the murky waters in this area.